RAMÍREZ, DEMANDANTE Y APELADO, *v.* PÉREZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito de desahucio.

MOCIÓN del demandante y apelado para que se desestime la apelación.

No. 1672.—Resuelto en mayo 12, 1917.

DESAHUCIO EN PRECARIO—FIANZA—TÉRMINO DENTRO DEL CUAL DEBE QUEDAR FORMALIZADA.—Vencido el término fijado por la ley para apelar contra una sentencia dictada en un juicio de desahucio, carece de jurisdicción la corte sentenciadora para fijar el montante de y aprobar la fianza que según la ley debe prestarse en tales casos para tramitar la apelación. El artículo 140 del Código de Enjuiciamiento Civil no autoriza a ninguna corte para alterar términos jurisdiccionales.

ID.—NOTIFICACIÓN DE SENTENCIA—APELACIÓN.—La Sección 2 de la Ley No. 70 de 1911 no es aplicable a los pleitos de desahucio, pues dicha ley al establecer el sistema de notificación de las sentencias, lo limitó a los casos en que pudiera interponerse el recurso de apelación según lo provisto en el artículo 295 del Código de Enjuiciamiento Civil, no estando comprendidas dentro de ese artículo las sentencias finales en casos de desahucio, cuya apelación debe interponerse en el término de cinco días contados desde la fecha de la sentencia de acuerdo con la ley especial sobre la materia.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Luis Montalvo Guenard.*

Abogados del apelado: *Sres. Feliú & Alemañy.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez dictó sentencia el 30 de marzo de 1917 en el pleito de desahucio seguido por Diego E. Ramírez contra Antonia Pérez. La sentencia declaró con lugar la demanda y parece que fué notificada a la demandada el 2 de abril de 1917. El 7 de abril la dicha demandada apeló de la sentencia para ante este Tribunal Supremo, consignando en un escrito lo que sigue: "se acompaña la correspondiente fianza para los efectos de este recurso." La fianza no se acompañó, como se afirma, sino que la demandada el mismo día 7 de abril presentó una moción pidiendo a la corte que se sirviera señalar el montante de la fianza "a fin de constituirla en forma." El 9 de abril, la corte fijó la vista de la moción para el 10. El 10 compareció el demandante, pero no la demandada, y a solicitud del demandante se pospuso la vista para el 13 de abril. El 13 comparecieron ambas partes y el demandante se opuso a que se accediera a lo solicitado por la demandada, porque ya había transcurrido el término en que podía prestarse la fianza. La corte desestimó la oposición del demandante, fijó la fianza en cien pesos y le concedió a la demandada tres días para prestarla. Dentro de ese término se prestó en efecto la fianza. Se trata de un desahucio en precario.

Los hechos que hemos expuesto aparecen de ciertas certificaciones expedidas por el secretario de la Corte de Distrito de Mayagüez acompañadas a una moción del demandante en el dicho pleito de desahucio presentada a esta Corte Suprema en solicitud de que se desestime el recurso interpuesto por la demandada, y a otra moción de ésta oponiéndose a la solicitud del demandante.

¿Actuó con jurisdicción la corte de distrito al señalar el 9 de abril un día para discutir la moción de la demandada-apelante con respecto a la fijación de la fianza, y al conceder a dicha parte el 10 de abril un término de tres días para archivarla?

La parte demandante sostiene que nó y basándose en ello solicita que se desestime la apelación interpuesta por no haberse archivado la fianza dentro del término fijado por la ley. La parte demandada sostiene que la corte de distrito usó debidamente del poder discrecional que tiene para tales casos.

À nuestro juicio tiene razón el demandante. La sección 12 de la ley de desahucio de 1905 (Compilación de 1911, p. 339), de modo terminante prescribe:

"Sección 12.—No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

"En cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación.

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación."

La fianza en este caso debió quedar formalizada dentro del término concedido para la apelación, o sea dentro del "término de cinco días contados desde la fecha de la sentencia" que fija la sección 11 de la misma ley de desahucio. Partiendo de la base de que el término no se contara desde el 30 de marzo en que se dictó y registró la sentencia, sino desde el 2 de abril en que el demandante acepta que se notificó a la demandada, resulta que el término de cinco días vencía precisamente el siete de abril cuando la apelante se limitó a pedir que se le fijara el montante de la fianza "a fin de constituirla en forma." Cuando la corte señaló día para discutir la moción de la apelante, ya había vencido el término y también como es consiguiente cuando concedió la prórroga de tres días y cuando aprobó en definitiva la fianza.

Interpretando las citadas secciones 11 y 12 de la ley de

desahucio, esta Corte Suprema en el caso de *Figueroa et al.* v *Sepúlveda,* 24 D. P. R. 690, 693, se expresó así:

"La ley es clara y no necesita interpretación.

"Las apelaciones en los juicios de desahucio deben interponerse en el término de cinco días contados desde la fecha de la sentencia; y en un caso como el presente en que el desahucio se funda en el vencimiento del término del arrendamiento, es requisito indispensable para ejercitar el recurso de apelación la prestación de fianza para responder de los daños y perjuicios y de las costas de apelación, cuya fianza debe quedar formalizada dentro del término concedido para la apelación.

"La apelación fué interpuesta dentro del término de cinco días marcado por la ley, pero el recurso es ineficaz en derecho por no haberse formalizado la fianza dentro de dicho término a satisfacción del tribunal, pues la fianza primeramente prestada dentro del término señalado por la ley fué declarada nula y la segunda fianza se prestó cuando ya había vencido aquel término.

"El Juez Municipal de Ponce traspasó los límites de su jurisdicción al dictar la resolución de 4 de octubre de 1916 anulando la fianza prestada y concediendo al demandado cinco días a partir desde aquella fecha para presentar fianza en debida forma y por la cantidad de $200. Permitir la presentación de esa nueva fianza era igual a permitir que la apelación fuera perfeccionada fuera del término fijado por la ley de desahucio, con infracción manifiesta de ella."

Véanse también los casos de *Valladares* v. *Corte Municipal,* 16 D. P. R. 145, 148, y *Silva et al* v. *Aboy, Giorgetti & Co., Ltd., et al.,* 20 D. P. R. 76, citados por el demandante.

Pero existe un motivo aun más poderoso para desestimar la apelación. Al computar el término, el apelado toma como punto de partida el 2 de abril en que según él se notificó la sentencia y no el 30 de marzo en que la misma fué dictada y registrada. Y es que el apelado actúa en la creencia de que es aplicable a los pleitos de desahucio la sección 2 de la ley No. 70 de 1911, cuando esto no es en realidad así.

La sección 11 de la ley de desahucio de 1905, dice que:

"Las apelaciones deberán interponerse en el término de cinco días contados desde la fecha de la sentencia."

La sección 2 de la ley No. 70 de 1911, dispone que:

"En todos los casos en que se pueda establecer el recurso de apelación, según lo provisto en la sección 295 del Código de Enjuiciamiento Civil, según fué enmendada en marzo 11 de 1908, será deber del secretario de la corte, enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia, de la cual puede establecerse el recurso de apelación, una notificación escrita informándole que la sentencia ha sido dictada, o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación empezará a correr desde la fecha del archivo de dicha notificación con los autos"

Y el artículo 295 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1905 y en 1908, prescribe que:

"Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra la resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dollars.

"3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction*; negándose a conceder o anular un *injunction*; anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría."

La ley de 1911 al establecer el sistema de la notificación de las sentencias, lo limitó a los casos en que pudiera interponerse el recurso de apelación, según lo previsto en el artículo 295 del Código de Enjuiciamiento Civil. Las resoluciones finales en casos de desahucio, no están compren-

didas en el artículo 295. Este fija tres términos, uno de treinta días, otro de quince y otro de diez. El fijado por la ley de desahucio es de cinco. La ley de desahucio es especial y cuando el legislador quiso complementarla con el Código de Enjuiciamiento Civil, lo hizo expresamente, como puede verse en la sección 14 de la misma. Después de fijar, en la sección 11, el término de cinco días contados desde la fecha de la sentencia para interponer la apelación, estatuye en la 12 que no se admitirá el recurso sin consignarse el precio adeudado en unos casos y prestarse fianza en otros, todo dentro del dicho término de cinco días, determina en la 13 lo que deben hacer los secretarios y taquígrafos una vez interpuesta la apelación y prescribe en la 14 que "las apelaciones se tramitarán de acuerdo con el Código de Enjuiciamiento Civil, no pudiendo exigirse en ningún caso más copias que las expresamente prevenidas en dicho código; entendiéndose que tales apelaciones deberán tramitarse con toda preferencia."

No pudiendo concluirse que la sección 11 de la ley de desahucio fuera derogada o modificada por la sección 2 de la ley No. 70 de 1911, debe aplicarse en toda su integridad y resolverse que cuando en 7 de abril de 1917 la demandada en el pleito de desahucio, archivó su escrito de apelación contra la sentencia dictada y registrada en el mismo el 30 de marzo de 1917, ya había vencido el término de cinco días fijado por la ley, y, en su consecuencia, que procede la desestimación del recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.