BARBOSA ET AL., DEMANDANTES Y APELADOS, *v.* FERNÁNDEZ,
DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito de desahucio.

No. 2140.—Resuelto en abril 9, 1920.

DESAHUCIO—TÉRMINO PARA APELAR DE LAS SENTENCIAS DE DESAHUCIO—NOTIFI-
CACIÓN DE LA SENTENCIA A LA PARTE PERJUDICADA.—Como la Ley No. 70
de 1911 al disponer que el término para establecer el recurso de apelación
empezará a correr desde la fecha del archivo de la notificación de la senten-
cia a la parte perjudicada limitó este precepto a los casos comprendidos en
el artículo 295 del Código de Enjuiciamiento Civil, en el cual no están in-
cluídas las apelaciones contra sentencias en casos de desahucio, cuando en
un caso de desahucio la apelación se interpone después de cinco días con-
tados desde la fecha de la sentencia, procede su desestimación por incumpli-
miento de la sección 11 de la Ley de Desahucio y con mayor razón cuando
tampoco aparece que dentro del término de cinco días señalado para apelar
se prestara la fianza a que se refiere la sección 12 de la ley citada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. Rincón.*

Abogados de los apelados: *Sres. M. Guerra* e *I. Soldevila.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión
del tribunal.

En juicio de desahucio seguido ante la Corte de Distrito
de San Juan, Sección Primera, por Juan Barbosa Lara y
Simón Pescay contra Cándido Fernández para el desalojo de
un solar y caseta en él levantada, por el fundamento de
haber vencido el término del arrendamiento y seguir el de-
mandado en la posesión precaria del inmueble, la expresada
corte dictó sentencia declarando con lugar la demanda y
contra ella interpuso el demandado recurso de apelación para
ante esta Corte Suprema.

Elevada la transcripción de autos, ambas partes, ape-
lante y apelada presentaron alegatos escritos sosteniendo
e impugnando respectivamente el recurso en su fondo, y la
apelada solicitó además que fuera desestimado por haberse
interpuesto fuera de término y no aparecer de la transcrip-
ción que el apelante hubiera otorgado la fianza exigida por
la Ley de Desahucio de 1905.

La sección 11 de dicha ley prescribe que "las apelaciones deberán interponerse en el término de cinco días contados desde la fecha de la sentencia."

La sentencia en el presente caso fué pronunciada y registrada en 9 de mayo de 1919 y el recurso se estableció y fué notificado al apelado el día 15 del propio mes o sea al sexto día después del pronunciamiento de la sentencia, cuando ya había vencido por tanto el término de cinco días que la ley señala para interponerlo.

La sección 2ª. de la Ley No. 70 de 1911 preceptiva de que el término para establecer el recurso de apelación empezará a correr desde la fecha del archivo de la notificación de la sentencia a la parte perjudicada no favorece al apelante pues dicha ley al establecer el sistema de la notificación de las sentencias, lo limitó a los casos en que pudiera interponerse el recurso de apelación según lo previsto en el artículo 295 del Código de Enjuiciamiento Civil y en ese artículo no están comprendidas las sentencias finales en juicios de desahucio, el cual se regula por la ley especial sobre la materia, que señala en la sección 11 el término de cinco días para apelar a contar desde la fecha de la sentencia.

La misma Ley de Desahucio, en su sección 12, después de ordenar que no se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia cuando el desahucio se funde en falta de pago de las cantidades convenidas, ordena que "en cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal para responder de los daños y perjuicios que puedan irrogarse al demandante y de las costas de la apelación", añadiendo que "tanto la consignación como la fianza deberán quedar formalizadas dentro del término concedido para la apelación."

Se trata de un desahucio en precario. De la transcripción de autos no aparece que el apelante dejara de prestar

fianza alguna para interponer el recurso de apelación, pero si la prestó, lo hizo fuera del término señalado para interponer dicho recurso, que como hemos dicho, fué interpuesto fuera del término legal y por tanto dicha fianza fué ineficaz en derecho.

Las secciones 11 y 12 de la Ley de Desahucio han sido ya interpretadas por esta Corte Suprema en los casos de *Figueroa et al.* v. *Sepúlveda*, 24 D. P. R. 690 y *Ramírez* v. *Pérez*, 25 D. P. R. 231.

Procede la desestimación del recurso.

                                    *Desestimado el recurso.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.