EX PARTE SALVADOR VILELLA LLOVET, peticionario.—Admisión al ejercicio de la abogacía. Feb. 17, 1926. Habiendo probado el peticionario que la Universidad de Baltimore era una universidad acreditada en el año 1903 en que dicha universidad expidió el diploma de abogado al peticionario, requisito exigido por la Ley No. 17, aprobada en abril 13, 1925, se admitió al peticionario al ejercicio de la abogacía sin examen.

No. 3849.—ROSSY, apldo., *v.* DEL VALLE ZENO, aplte.—C. D. San Juan.—Desahucio. Feb. 25, 1926. Denegada la moción de reconsideración presentada, vistos, entre otros, los casos de *Figueroa et al.* v. *Sepúlveda,* 24 D.P.R. 690, *Ramírez* v. *Pérez,* 25 D.P.R. 231, y *Barbosa et al.* v. *Fernández,* 28 D.P.R. 305, y la sentencia de la Corte Suprema de España de 22 de marzo de 1907, 106 J. C. 684.

No. 3793.—PADRÓ, apldo., *v.* DIEGO AGÜEROS & CO. ET AL., aplte.—C. D. San Juan. Feb. 26, 1926. Apareciendo que el procedimiento seguido en este caso es el especial de tercería, es necesario concluir que el memorándum de costas se presentó fuera de término y por tanto, que no pudo ser considerado por la Corte; se revocó la orden apelada y se desestimó el memorándum presentado.

No. 2660.—EL PUEBLO, apldo., *v.* VELÁZQUEZ, aplte.—C. D. Arecibo.—Abuso de confianza. Marzo 4, 1926. Alegándose como error el no haberse probado en el acto de la vista el sitio en que se cometió el delito y por tanto que la corte sentenciadora adquiriera jurisdicción para conocer de la causa, apareciendo de los autos que tiene razón el apelante y vista la conformidad del fiscal; de acuerdo con la ley y la jurisprudencia establecida y reafirmada entre otros en los casos de *El Pueblo* v. *Canales,* 34 D.P.R. 395 y *El Pueblo* v. *Martínez,* 35 D.P.R. 52, se revoca la sentencia recurrida.