MÁS ET AL. *v.* BORINQUEN SUGAR Co.

APELACIÓN procedente de la Corte de Distrito de Humacao. Moción para desestimar la apelación.

No. 771.—Resuelto en octubre 13, 1911.

DESAHUCIO—APELACIÓN DE LA SENTENCIA—CONSIGNACIÓN DEL IMPORTE DEL CANON DE ARRENDAMIENTO.—La sección 12 de la Ley de Desahucio de marzo 9, 1905, prescribe que no se admitirá al demandado recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas, y dispone además que dicha consignación deberá quedar formalizada dentro del término concedido para la apelación. Interpretando dichos preceptos de ley a luz de la razón, se resolvió que una consignación hecha antes de dictarse la sentencia, de toda la cantidad que realmente se demostró luego que se debía a la fecha de la sentencia, es válida, porque lo esencial en estos casos es que la consignación se haga y queden en su consecuencia garantizados los derechos de los demandantes.

Los hechos están expresados en la resolución del tribunal.

Abogados de los promoventes: *Sres. Arturo Aponte, Jr.* y *Juan Hernández López.*

Abogados de la parte contraria: *Sres. Alvarez Nava* y *Domínguez.*

RESOLUCIÓN.

LA CORTE. Los demandantes y apelados solicitan que se desestime el recurso de apelación interpuesto, porque la demandada y apelante no cumplió con lo preceptuado en el artículo 12 de la Ley de Desahucio, Leyes de Puerto Rico de 1905, página 289, que ordena que no se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas, y que tal consignación deberá quedar formalizada dentro del término (cinco días contados desde la fecha de la sentencia) concedido para la apelación.

De la moción de los dichos demandados y apelados y de los documentos acompañados a la misma, aparece que se trata de un caso de desahucio por falta de pago del canon de arrendamiento de cierta finca rústica, canon que, según contrato celebrado entre las partes, debía satisfacerse por semestres vencidos; que el 27 de junio de 1911 se venció un semestre y la cantidad estipulada fué depositada el 18 de julio de 1911 por la demandada en la secretaría de la Corte de Distrito de Humacao, a disposición de los demandantes; que dictada sentencia en contra de la demandada el 19 de julio de 1911, la demandada apeló para ante esta Corte Suprema, el 22 de julio de 1911.

Considerando los hechos expuestos e interpretando la ley invocada a la luz de la razón, se concluye que cuando la apelación se interpuso en este caso, todo cuanto adeudaba la parte demandada a la fecha de la sentencia, había sido consignado por ella en la secretaría de la corte de distrito a disposición de los demandantes, y que, por tanto, todo lo que exige la ley se había cumplido.

El canon de arrendamiento era pagadero por semestres vencidos y, a la fecha de la sentencia, sólo lo estaba el que debió satisfacerse el 27 de junio de 1911, cuyo precio se consignó como antes se ha expresado. El hecho de si la consignación se hizo antes de dictarse la sentencia y no después, no es importante. Lo esencial es que la consignación se hiciera quedando en su consecuencia garantizados los derechos de los demandantes.

Por las razones expuestas, se resuelve no haber lugar a desestimar la apelación interpuesta por la parte demandada en este caso.

_Sin lugar la moción._

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf, del Toro y Aldrey.