FIGUEROA ET AL., PETICIONARIOS, *v.* SEPÚLVEDA, JUEZ DE
DISTRITO, DEMANDADO.

SOLICITUD para que se expida un mandamiento de *certiorari*
al Juez de la Corte de Distrito de Ponce en un juicio
sobre desahucio.

No. 169.—Resuelto en diciembre 22, 1916.

DESAHUCIO—APELACIÓN—ARRENDAMIENTO—FIANZA—DAÑOS Y PERJUICIOS—COS-
TAS.—Las apelaciones en los juicios de desahucio deben interponerse en el
término de cinco días contados desde la fecha de la sentencia, y cuando el
desahucio se funda en el vencimiento del término del arrendamiento, es requi-
sito indispensable para ejercitar el recurso de apelación la prestación de fianza
para responder de los daños y perjuicios y de las costas de apelación, cuya
fianza debe quedar formalizada dentro del término concedido para la ape-
lación.

ID.—JURISDICCIÓN—NUEVA FIANZA PRESTADA FUERA DE TÉRMINO.—Traspasa los
límites de su jurisdicción un juez municipal que en un juicio de desahucio
declara nula una fianza prestada para la apelación y concede un término al
demandado para presentar nueva fianza en debida forma, y aprueba ésta
después de haber transcurrido el término en que debió quedar formalizada
dicha fianza.

TÉRMINOS JURISDICCIONALES—JURISDICCIÓN—DISCRECIÓN JUDICIAL.—El artículo
140 del Código de Enjuiciamiento Civil no autoriza a ninguna corte para
alterar términos jurisdiccionales.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. Alberto S.* y *José A.
Poventud.*

El juez demandado, Hon. Domingo Sepúlveda, no com-
pareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Francisco Figueroa Arroyo y Fidel Román Almodóvar
han presentado a esta Corte Suprema solicitud jurada para
la expedición de un auto de *certiorari* al Juez de la Corte de
Distrito de Ponce con motivo de procedimientos seguidos
por dicha corte en recurso de apelación contra sentencia pro-
nunciada por la corte municipal de dicha ciudad en juicio
de desahucio promovido por los peticionarios contra José
María Arias Ríos. El auto fué expedido y los procedimien-
tos han venido originales a esta corte para su revisión.

De esos procedimientos resulta:

(*a*) Que ante la Corte Municipal de Ponce presentaron demanda Francisco Figueroa Arroyo y Fidel Román Almodóvar contra José María Arias y Ríos para el desahucio de una finca rústica de que los demandantes eran dueños y que el demandado venía poseyendo en arrendamiento por precio de $100 anuales y término de seis años, ya vencido en 11 de julio de 1916.

(*b*) Que celebrado el juicio, la Corte Municipal de Ponce dictó sentencia en 6 de septiembre de 1916 declarando con lugar la demanda de desahucio y ordenando que el demandado desalojara la finca dentro del término de veinte días luego de ser firme la sentencia.

(*c*) Que contra esa sentencia interpuso José María Arias en 8 de septiembre citado recurso de apelación para ante la Corte de Distrito de Ponce y al día siguiente presentó fianza prestada por Ricardo Arias y Rogelio Pérez Haro, quienes se obligaron a responder a los demandantes de los daños y perjuicios que pudieran sufrir con la apelación hasta la cantidad de $200 señalada por la corte municipal, habiendo jurado ambos fiadores que eran contribuyentes por bienes raíces al Tesoro Insular por la suma de más de $3 y poseían bienes inmuebles no exentos de ejecución por valor de más de $300.

(*d*) Que los demandantes mediante moción de 14 de septiembre de 1916 pidieron la nulidad de la fianza prestada, y la corte municipal en 4 de octubre dictó resolución declarando con lugar la moción pero concediendo al demandado cinco días a partir de la fecha expresada, 4 de octubre, para prestar fianza en debida forma y por la cantidad de $200.

(*e*) Que habiendo sido radicado por el apelante el récord de apelación en la Corte de Distrito de Ponce, los demandantes apelados presentaron moción a dicha corte en 6 de octubre para que se desestimara la apelación por falta de fianza, toda vez que la prestada había sido declarada nula como realmente lo era.

(*f*) Que en 9 de octubre, o sea, tres días después de radi-cada la anterior moción y treinta y tres días después de pronunciada sentencia en el pleito de desahucio, el demandado apelante presentó nueva fianza prestada por Ricardo Arias Ventura y Joaquín P. Valdivieso, hasta la cantidad de $200, para responder de los daños y perjuicios que a los demandantes causara la apelación y para responder además de las costas de la apelación, jurando uno y otro fiador que eran contribuyentes por cantidad mayor de $3 y poseían bienes inmuebles no exentos de ejecución por suma mayor de $300, en cuya fianza figuraba también el apelante José María Arias y Ríos obligándose en concepto de principal deudor.

(*g*) Que la corte por resolución de 24 de octubre de 1916 desestimó la moción a que nos hemos referido en los siguientes términos:

"Se trata de una moción del demandante y apelado para que se desestime la apelación.

"Del récord del caso aparece lo siguiente: la Corte Municipal de Ponce dictó sentencia de desahucio contra el demandado el día 6 de septiembre de 1916. El demandado apeló de la misma el día 8 del mismo mes. El día 9 del mismo mes el apelante presentó su fianza de apelación por la suma de 200 dollars.

"Siendo defectuosa dicha fianza en algunas partes, el juez de la corte municipal, a petición del demandante, anuló (con fecha 4 de octubre de 1916) dicha fianza; pero concediendo al demandado y apelante cinco días para presentarla en debida forma y por la misma cantidad de 200 dollars.

"Y el día 9 de octubre quedó presentada la fianza en forma, la que fué aprobada por el juez de la corte municipal.

"Entendemos que no se ha causado ningún perjuicio al demandante. Antes al contrario, sus derechos han quedado perfectamente asegurados y se han cumplido los fines perseguidos por el párrafo 2°. de la sección 12 de la Ley de Desahucio.

"Entendemos asimismo que en casos como el presente en que se incurrió en error al confeccionar la fianza, el juez municipal (a pesar de la apelación) tuvo facultad para obtener la subsanación y corrección de dicha fianza. (*Rivera et al. v. Tous Soto, Juez de Distrito*, 11 D. P. R. 96.)

"Y visto el artículo 140 del Código de Enjuiciamiento Civil, la corte por la presente y en bien de la justicia, declara sin lugar la referida moción de desestimación de la apelación. Ponce, P. R., octubre 24 de 1916. (Firmado) D. Sepúlveda, Juez del Distrito."

Alega la representación de los peticionarios que la Corte de Distrito de Ponce al dictar la resolución transcrita cometió error:

1°. Al declarar cumplidos los fines perseguidos en el párrafo 2°. de la sección 12 de la Ley de Desahucio.

2°. Al declarar que el juez municipal tuvo facultad para permitir la subsanación y corrección de la fianza que había declarado nula en 4 de octubre de 1916.

3°. Al declarar sin lugar la moción sobre desestimación del recurso por entender aplicable al caso el artículo 140 del Código de Enjuiciamiento Civil.

Examinemos los errores anteriormente apuntados a la luz de la ley aplicable al caso.

La ley de 9 de marzo de 1905 estableciendo el procedimiento para el desahucio y fijando reglas para apelaciones en esta clase de juicios, en sus secciones 11ª y 12ª. consigna los siguientes preceptos:

"Sección 11.—Las apelaciones deberán interponerse en el término de cinco días contados desde la fecha de la sentencia.

"Sección 12.—No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

"En cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación.

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido por la apelación."

La ley es clara y no necesita interpretación.

Las apelaciones en los juicios de desahucio deben inter-
ponerse en el término de cinco días contados desde la fecha
de la sentencia; y en un caso como el presente en que el
desahucio se funda en el vencimiento del término del arren-
damiento, es requisito indispensable para ejercitar el recurso
de apelación la prestación de fianza para responder de los
daños y perjuicios y de las costas de apelación, cuya fianza
debe quedar formalizada dentro del término concedido para
la apelación.

La apelación fué interpuesta dentro del término de cinco
días marcado por la ley, pero el recurso es ineficaz en derecho
por no haberse formalizado la fianza dentro de dicho término
a satisfacción del tribunal, pues la fianza primeramente pres-
tada dentro del término señalado por la ley fué declarada
nula y la segunda fianza se prestó cuando ya había vencido
aquel término.

El Juez Municipal de Ponce traspasó los límites de su
jurisdicción al dictar la resolución de 4 de octubre de 1916
anulando la fianza prestada y concediendo al demandado cinco
días a partir desde aquella fecha para presentar fianza en
debida forma y por la cantidad de $200. Permitir la pre-
sentación de esa nueva fianza era igual a permitir que la
apelación fuera perfeccionada fuera del término fijado por
la ley de desahucio, con infracción manifiesta de ella.

No se trata en el presente caso de fianza insuficiente, sino
de fianza declarada nula. La segunda fianza que se prestó
es nueva y distinta de la primera en sus elementos esenciales.

Y no es de aplicación el artículo 140 del Código de Enjui-
ciamiento Civil que se refiere a casos enteramente distintos
del presente, como lo revela su simple lectura. Ese artículo
no autoriza a ninguna corte para alterar términos jurisdic-
cionales. "Los preceptos legales atinentes a la jurisdicción
de las cortes como son los relativos al término para inter-
poner recurso de apelación, son de aplicación estricta y no

están sujetos a la discreción judicial." *Pérez* v. *Sucesión Collado,* 19 D. P. R. 422.

Por las razones expuestas la resolución de la Corte de Distrito de Ponce de 24 de octubre de 1916, que declara sin lugar la moción de desestimación de la apelación contra la sentencia que dictó la corte municipal de dicha ciudad en 6 de septiembre de 1916, debe anularse, devolviéndose el caso a la expresada corte de distrito para ulteriores procedimientos que no sean incompatibles con esta opinión.

> *Con lugar la solicitud y anulada la resolución que declara sin lugar la moción de desestimación de apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.