## ANGY, DEMANDANTE Y APELANTE, *v.* SELOSSE, DEMANDADO Y APELADO.

No. 3279.—*Visto:* Abril 29, 1924. *Resuelto:* Junio 17, 1924.

ALEGACIONES—EXCEPCIÓN PREVIA A LA CONTESTACIÓN—S. ÑALAMIENTO PREMATURO.—Constituye error que motiva la revocación el celebrar conjuntamente con el juicio la vista de una moción radicada el día anterior para eliminar la excepción previa a la contestación, cuando además de ser el señalamiento del caso prematuro, el de la moción para eliminar la excepción previa no fué notificado al demandante.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), desestimando la demanda, con costas. *Revocada y devuelto el caso.*.

*R. H. Blondet,* abogado de la apelante; *J. de Guzmán Benítez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La acción establecida en este caso fué. para el reconocimiento de una sociedad civil industrial y partición de bienes inmuebles. La contestación del demandado fué radicada el día 11. de diciembre de 1923. Por tanto, de acuerdo con el artículo 116 del Código de Enjuiciamiento Civil, la demandante tenía diez días dentro de los cuales podía formular una excepción previa a la contestación. Durante estos diez días, sin embargo, el día 15 de diciembre de 1923, hubo una lectura de calendario general y la corte señaló el juicio del caso para el día 10 de enero de 1924. Dentro de los diez días a partir de la radicación de la contestación, la demandante presentó una moción para eliminar ciertas partes de la misma. Esta moción fué declarada sin lugar y el día 8 de enero de 1924 la demandante formuló una excepción previa a la contestación. En 9. de enero el demandado presentó una moción para eliminar la excepción previa por ser frívola, siendo señalada la vista de dicha moción para el día diez de enero, o sea el día previamente señalado por la corte para el juicio. El señalamiento de esta moción no fué notificado a la demandante aunque la moción misma sí lo fué. A pesar de la protesta hecha por la demandante al rápido

señalamiento de la moción para eliminar, la corte, no obstante, oyó la moción y declaró sin lugar la excepción previa, e insistió en seguir adelante con el juicio del caso. El abogado de la demandante, en oposición a esto, dijo que tenía dos casos para juicio en otra corte y solicitó la suspensión del juicio, lo que aparentemente fué negado por la corte, habiéndose retirado entonces del salón de sesiones la demandante. Algunos de estos hechos o todos ellos fueron sometidos a la corte de distrito en una moción de reconsideración. La corte de distrito negó la moción de reconsideración manifestando que la demandante había sido debidamente notificada del señalamiento del caso y no formuló ninguna protesta hasta el mismo día del juicio. La corte manifestó que estaba convencida, debido a la actitud del abogado de la demandante, de que él no deseaba celebrar el juicio del caso y que mediante fútiles pretextos procuraba demorar la resolución final del caso.

Una cosa es cierta, al menos técnicamente. La corte no tenía derecho a señalar el caso para juicio dentro de los diez días inmediatamente siguientes al archivo de la contestación. Ese es un término en el cual la demandante tiene el derecho de excepcionar una contestación. Hasta que no venza este período no existe ninguna cuestión planteada entre las partes. La apelante alega este señalamiento como su primera asignación de error. La única cuestión sería si la demandante no renunció a este error al no oponerse al señalamiento, o tomar alguna medida para que se dejara sin efecto. Aun el día 10 de enero cuando el abogado de la demandante compareció no consta que hiciera ninguna objeción al señalamiento del caso prematuramente. El solamente se opuso al señalamiento sumario de la excepción previa y alegó también tener pendiente otros casos en otra corte.

Nos inclinamos a convenir con el apelado y la corte inferior en que cuando el abogado está realmente ante la corte el día de la celebración del juicio, la pendencia de

pleitos en otras cortes no es una excusa válida para no proseguir con el juicio. Sería un abuso de discreción llamar un caso si el abogado se encontraba a mitad de un juicio en otra corte.

Estamos convencidos, sin embargo, de que la demandante tenía el derecho a oponerse al señalamiento prematuro de la excepción previa, aun cuando ella no estaba haciendo ninguna objeción específica en la corte inferior al señalamiento prematuro del caso mismo.

El caso fué señalado prematuramente para juicio y estamos de acuerdo con el abogado de la apelante en que él pudo haberse abstenido de comparecer a dicho juicio y entonces solicitar que se dejara sin efecto la sentencia resultante. La apelante en ningún momento levantó esta cuestión en la corte inferior sino que vigorosamente se opuso a que el caso fuera celebrado antes de que su excepción previa hubiera sido debidamente señalada y resuelto. De modo que por lo menos el abogado se estaba oponiendo a la celebración del juicio antes de que se resolviese previamente su excepción.

El apelado insiste en que por el hecho de no oponerse al señalamiento la demandante quedaba obligada a estar preparada para discutir cualquier cuestión de alegaciones en el día del juicio, pero esto envuelve una especie de *petitio principii*. La demandante se estuvo oponiendo a la celebración del juicio mientras no se resolviera la excepción previa en el orden prescrito por la ley. El caso no estuvo listo para juicio hasta que las alegaciones originales fueran resueltas.

El artículo 123 del Código de Enjuiciamiento Civil, como fué enmendado en 1911 (p. 238), prescribe lo siguiente:

"Artículo 123.—A moción de la parte contraria se eliminará por la corte toda materia impertinente y redundante contenida en una alegación, y hasta que tal moción sea resuelta por la corte la parte promovente no estará obligada a hacer nueva alegación."

De modo que después que la moción para eliminar la contestación fué negada, la demandante por la ley de la Legislatura aprobada especialmente en el año 1911 tenía derecho a excepcionar y a que su excepción previa fuera oída antes de la celebración del juicio. Asimismo tenía ella derecho a que la excepción previa fuera señalada para vista con anterioridad al día del juicio. La moción para eliminar la excepción previa era pertinente pero la apelante tenía derecho a una notificación previa de su señalamiento. De igual modo la apelante tuvo derecho al término usual para la vista de la moción para eliminar como cuando se trata de cualquier otra moción que requiere una notificación a la parte contraria.

*Debe revocarse y dejarse sin efecto la sentencia,* dejándose pendiente la moción para eliminar la contestación, devolviéndose el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión.