Pedro Casillas, peticionario, *v.* La Corte de Distrito de San Juan, Hon. Pablo Berga, Juez, demandada.

No. 613.—*Visto:* Abril 23, 1928.   *Resuelto:* Julio 28, 1928.

*Harry B. Llenza,* abogado del peticionario; *Sebastián García Díaz,* abogado del interventor, demandante en la acción principal.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

En un procedimiento sobre desahucio seguido en la Corte Municipal de San Juan por Justo Brañuelas contra Pedro Casillas y en el que se alegó como fundamento la falta de pago del canon de arrendamiento estipulado, la corte, el 20 de febrero de 1928, dictó sentencia declarando la demanda con lugar.

El 25 de febrero, 1928, o sea el día último del término concedido por la ley para apelar, se archivó el escrito de apelación de la sentencia para ante la Corte de Distrito de San Juan, acompañado de una estipulación que copiada en lo pertinente dice así:

"Que el demandante permite al demandado radicar su escrito de apelación en este caso, sin necesidad de consignar en la Secretaría de este tribunal, el importe de los cánones de arrendamiento vencidos y que dieron origen a este pleito, dándole de término para consignar dichos cánones hasta el próximo miércoles día 29 de febrero de 1928, tiempo que el demandante considera suficiente para que el letrado del demandado pueda comunicarse con su cliente, quien vive fuera de la jurisdicción de este tribunal."

Aparece de los autos que el apelante, en 29 de febrero de 1928, presentó un escrito dirigido al Secretario de la Corte Municipal pidiéndole que se sirviera ''consignar la suma de $293.50, importe de los cánones vencidos,'' que se acompañaban al escrito.

Los autos se elevaron a la corte de distrito y en ella presentó una moción el apelado solicitando la desestimación del recurso porque la consignación no se había hecho a favor del demandante y porque se hizo después de vencido el término de ley.

Oída la otra parte, la corte de distrito declaró la moción con lugar, y en su consecuencia desestimó el recurso. Razonó su resolución, así:

''1ro.—El primer fundamento carece de importancia, porque la sección 12 de la Ley de Desahucio sólo requiere que el demandado consigne en Secretaría el importe del precio adeudado en la fecha de la sentencia, cuando el desahucio se funda en falta de pago, y no es necesario ofrecimiento de pago alguno, ni expresar que se hace a favor del demandante, porque desde el momento en que se consigna, pertenece a éste. *Rossy* vs. *Del Valle*, 33 D.P.R. 416.

''2do.—El segundo fundamento es meritorio. La sección 12 citada requiere que la consignación, como la fianza, se formalice dentro del término concedido para apelación. Permitir la prestación de la fianza o la consignación fuera del término concedido para la apelación, sería igual a permitir que la apelación fuera perfeccionada fuera del término fijado por la Ley de Desahucio, con infracción manifiesta de ella. El precepto es mandatorio y el término no puede ser extendido ni por estipulación de las partes ni por mandato del tribunal, porque es jurisdiccional. *Valladares* vs. *La Corte Municipal*, 16 D.P.R. 145; *Mas* vs. *Borinquen Sugar Co.* 17 D.P.R. 958; *Silva* vs. *Aboy, Giorgetti & Co.*, 20 D.P.R. 76; *Figueroa* vs. *Sepúlveda, Juez de Distrito*, 24 D.P.R. 690; *Ramírez* vs. *Pérez*, 25 D.P.R. 231.''

No conforme, el apelante presentó a esta Corte Suprema un recurso de *certiorari*. El auto fué expedido. El peticionario expuso por escrito y oralmente su caso con verdadera lucidez y la cuestión envuelta ha sido discutida ampliamente en el seno del tribunal.

A nuestro juicio la ley es terminante y no admite otra interpretación que la que le diera la corte de distrito.

Se trata de un procedimiento especial. La sección once de la ley que lo gobierna, (Comp. 1911, pág. 339), dice:

"Las apelaciones deberán interponerse en el término de cinco días contados desde la fecha de la sentencia."

Y la 12 dispone:

"No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

"En cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación.

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación."

La sección 12 tal como aparece publicada en inglés, lee como sigue:

"Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

Y no sólo la ley es terminante, si que también esta corte ha resuelto en diferentes ocasiones que la consignación y la fianza son requisitos jurisdiccionales que deben cumplirse dentro del término fijado por la ley para apelar y que siendo ello así ni las partes ni la corte pueden extender dicho tér-

mino. Bastará citar el caso de *Figueroa et al* v. *Sepúlveda,* 24 D.P.R. 690, en el que se resolvió lo que sigue:

"Las apelaciones en los juicios de desahucio deben interponerse en el término de cinco días contados desde la fecha de la sentencia, y cuando el desahucio se funda en el vencimiento del término del arrendamiento, es requisito indispensable para ejercitar el recurso de apelación la prestación de fianza para responder de los daños y perjuicios y de las costas de apelación, cuya fianza debe quedar formalizada dentro del término concedido para la apelación."

"Traspasa los límites de su jurisdicción un juez municipal que en un juicio de desahucio declara nula una fianza prestada para la apelación, y concede un término al demandado para presentar nueva fianza en debida forma, y aprueba ésta después de haber transcurrido el término en que debió quedar formalizada dicha fianza."

"El artículo 140 del Código de Enjuiciamiento Civil no autoriza a ninguna corte para alterar términos jurisdiccionales."

Y el de *Valladares* v. *La Corte Municipal,* 16 D.P.R. 145, en el que se dijo:

"Para que se entienda interpuesta en forma una apelación en un caso de desahucio, es necesario que dentro del término de cinco días contados desde la fecha de la sentencia, se entregue al Secretario de la Corte en que fué dictada, un escrito manifestando que se apela, se presente igual manifestación a la parte contraria o a su abogado y se cumpla con los requisitos de la 'consignación' o de la 'fianza' en su caso, que establece el artículo 12 de la ley de desahucio de 9 de marzo de 1905."

Frente a las disposiciones expresas de la ley especial vigente en Puerto Rico y a la constante jurisprudencia de esta corte, no pueden prevalecer las decisiones de otras jurisdicciones por persuasivo que parezca el razonamiento y por equitativo que sea el propósito que las inspire, tanto más cuanto que no son dichas decisiones unánimes y establecen más bien que la regla la excepción.

*Debe anularse el auto expedido y el caso devolverse* a la corte de distrito para los ulteriores procedimientos que fueren procedentes.

El Juez Asociado Sr. Hutchison disintió.