María Alicea Vda. de Jesús, demandante, *v.* Bautista Nieves y Rafael Solla, demandados; Rafael Villamil, tercerista y apelante.

No. 5708.—*Sometido:* Marzo 9, 1932. *Resuelto:* Marzo 31, 1932.

*Largé & Acevedo,* abogados del apelante; *R. Muñoz Ramos,* abogado de la demandante, demandada en tercería.

Nota: Véase el prefacio.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

María Alicea viuda de Jesús estableció pleito en la Corte de Distrito de San Juan contra dos personas en cobro de dinero y embargó bienes de una de ellas para aseguramiento de la sentencia. Rafael Villamil reclamó esos bienes como suyos y formuló su demanda de tercería contra María Alicea y contra sus dos demandados. Los últimos no comparecieron y fué anotada su rebeldía, pero María Alicea compareció y adujo excepciones previas contra la demanda de tercería, las que fueron declaradas sin lugar el 6 de octubre de 1930 concediéndosele diez días para que contestase la demanda. No presentó María Alicea su contestación y a instancia del tercerista fué registrada también la rebeldía de ella, habiéndose dictado después por la corte sentencia declarando con lugar la demanda de tercería contra los tres demandados. Siete días después la demandada Alicea solicitó de la corte que dejara sin efecto la anotación de su rebeldía y también la sentencia en cuanto a ella fundándose en el artículo 140 del Código de Enjuiciamiento Civil y en que no pudo contestar la demanda porque no le fué notificada la resolución que desestimó sus excepciones previas y le concedió un término de diez días para contestar. Se opuso el tercerista a esa petición alegando que en los autos consta dicha notificación y la corte negó lo solicitado fundándose en que la demandada Alicea fué notificada de la sentencia que declaró con lugar la tercería. Dos meses después esa demandada solicitó de la corte que reconsiderara su anterior resolución, y fundándose la corte en que la resolución desestimando las excepciones previas tenía como título el del pleito principal y no el de la tercería y en que se refería a las excepciones de los demandados y no de esa demandada, dejó sin efecto la rebeldía de María Alicea y también la sentencia en cuanto a ella. Contra esa resolución interpuso el tercerista Villamil este recurso de apelación. Tenemos que consignar aquí que al pie de la resolución de las ex-

cepciones previas existe la siguiente nota que copiamos literalmente: "Notificado con copia hoy 7 de octubre de 1930. P. N. Colberg, Secretario." No hay otra diligencia de notificación de esa resolución en los autos que tenemos ante nosotros.

No se halla en los autos la constancia del aviso de notificación de la resolución que desestimó las excepciones y concedió término para contestar a la parte que las propuso, como debió hacerse de acuerdo con el artículo 142 *a* de la Ley No. 33 de 1915; ni la nota puesta por el secretario de haberla notificado, sin decir a quién, es el aviso requerido por la ley, por lo que al llamar la apelada la atención sobre esa falta a la corte ésta debió haber dejado sin efecto la anotación de rebeldía y la sentencia dictada en cuanto a esa parte, lo que no hizo por estimar equivocadamente que habiendo sido notificada de la sentencia no era procedente la solicitud. En vista de lo expuesto no cometió error la corte al reconsiderar. después su resolución y conceder lo que era procedente y había negado, pues sin la notificación requerida por la ley no empezaban a contarse los diez días que se concedieron a la demandada para contestar. El hecho de que la reconsideración fuese solicitada y concedida después de ser firme la sentencia no era obstáculo a ella, como dice el apelante, pues lo que hizo la corte fué dictar la resolución que debió haber dictado antes; ni tampoco lo es que la apelada no tuviese el derecho de alegar excepciones previas en el procedimiento de tercería, como alega la apelante, pues aunque así sea es lo cierto que el tercerista no se opuso a la alegación de tales excepciones. Las citas que hace el apelante de los casos de *Pérez* v. *Sucesión Collado,* 19 D.P.R. 422; de *Figueroa et al.* v. *Sepúlveda,* 24 D.P.R. 690, y de *Casillas* v. *Corte de Distrito,* 38 D.P.R. 734, no tienen relación con el caso presente.

*La resolución apelada debe ser confirmada.*