El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
En esta ocasión reiteramos cómo se atenderán en este Tribunal los recursos en los cuales se revoca la decisión del Tribunal de Apelaciones de éste declararse sin jurisdicción para entender en los méritos del caso. Cuando determine-mos que el Tribunal de Apelaciones sí tenía jurisdicción para atender el recurso, procede devolverlo a ese foro intermedio para que resuelva los méritos de la controversia entre las partes. Si está pendiente allí un recurso relacionado entre las mismas partes, es preferible —como regla general— que ambos se resuelvan de manera consolidada. Sostenemos así el esquema legislativo que establece al Tribunal de Apelaciones como el foro que dispensa justicia apelativa en primer término.
Discutimos, además, lo que debe hacerse cuando están pendientes ante el Tribunal de Apelaciones o ante el Tribunal de Primera Instancia casos simultáneos donde se reclama, por un lado, hogar seguro sobre un inmueble y, por otro lado, se solicita que se desahucie del mismo inmueble a la parte que solicitó el reconocimiento de su derecho a hogar seguro.
*411 HH
La Sra. Arlene E. Santiago Velázquez y el Dr. Oscar Crespo Quiñones se divorciaron por la causal de abandono. Luego de decretarse el divorcio, las partes comenzaron a dilucidar los asuntos relativos a las pensiones alimentarias, la división de las capitulaciones matrimoniales y las alternativas de vivienda tanto para el doctor Crespo Quiñones como para la señora Santiago Velázquez y sus hijas. Estas últimas viven en un inmueble que es propiedad privativa del doctor Crespo Quiñones. Las partes no llegaron a un acuerdo sobre el lugar de vivienda.
Mientras se dilucidaban estos asuntos ante la sala de familia, el doctor Crespo Quiñones presentó una acción de desahucio sumario contra la señora Santiago Velázquez, en la que reclamó el referido inmueble. Ante esta situación, la señora Santiago Velázquez alegó que no procedía el desahucio sumario porque tenía el derecho a reclamar ese bien como hogar seguro.
El Tribunal de Primera Instancia, Sala de San Juan, declaró “con lugar” el desahucio. La señora Santiago Velázquez presentó un recurso de apelación ante el Tribunal de Apelaciones para revisar esa determinación, pero no prestó la fianza en apelación que se requiere en los casos de desahucio. Dicho foro entendió que la señora Santiago Velázquez no estaba exenta de prestar la referida fianza, por lo que desestimó el recurso por falta de jurisdicción. Ante esta situación, la señora Santiago Velázquez presentó entonces el recurso de certiorari que nos ocupa. En éste, la única controversia que las partes presentaron para nuestra consideración es la determinación del foro apelativo de desestimar el recurso por falta de jurisdicción.
Luego de que emitiéramos una orden de mostrar causa en este recurso, se emitió una resolución en la sala de familia para adjudicar como hogar seguro un bien distinto al *412 inmueble objeto del desahucio. Dicha determinación fue recurrida por la señora Santiago Velázquez. El Tribunal de Apelaciones acogió ese recurso (KLCE200900153) y, mediante resolución de 11 de febrero de 2009 que obra en autos, paralizó los procedimientos sobre la adjudicación del hogar seguro ante el foro de instancia.
I I—I
A base del trasfondo procesal que ha precedido el recurso ante nuestra consideración, es evidente que la única controversia que nos corresponde resolver es si el Tribunal de Apelaciones tiene jurisdicción para ejercer su facultad revisora. Conviene resaltar al respecto que nuestra sociedad goza de un sistema judicial unificado, integrado en un Tribunal General de Justicia. Véanse: Art. V, Secs. 1 y 2, Const. E.L.A., L.P.R.A., Tomo 1; Art. 2.001 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (Ley de la Judicatura de 2003), Ley Núm. 201 de 22 de agosto de 2003 (4 L.P.R.A. sec. 24b). Conforme dispone la referida ley, el Tribunal General de Justicia está compuesto por un foro de instancia y dos foros revisores, a saber, el Tribunal de Apelaciones y el Tribunal Supremo. Esta estructura propende al funcionamiento ordenado de nuestro sistema judicial, en el que cada tribunal tiene una función que realizar en el curso de los asuntos litigiosos ante su consideración.
A tales efectos, nuestro ordenamiento establece que las acciones civiles o penales se presentan, en la etapa inicial, ante el Tribunal de Primera Instancia, excepto aquellos recursos en los que el Tribunal de Apelaciones y el Tribunal Supremo tengan jurisdicción original. Art. 3.002 de la Ley de la Judicatura de 2003 (4 L.P.R.A. sec. 24s(a)). Véase, además, H.A. Sánchez Martínez, Práctica jurídica de Puerto Rico: derecho procesal apelativo, San Juan, Lexis-Nexis de Puerto Rico, 2001, págs. 34-35. Una vez el *413 Tribunal de Primera Instancia emite su sentencia, el litigante puede apelar al Tribunal de Apelaciones. 4 L.P.R.A. sec. 24s(b). Véase también la Regla 53.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Si el litigante no está de acuerdo con el dictamen revisor que emita el Tribunal de Apelaciones, puede recurrir por certiorari al Tribunal Supremo para que revise ese dictamen. 4 L.P.R.A. sec. 24s(d).
Conforme con lo anterior, si el foro apelativo intermedio desestima el recurso presentado ante su consideración por falta de jurisdicción —es decir, sin dirimir los méritos de la sentencia del Tribunal de Primera Instancia— entonces, la parte afectada puede recurrir al Tribunal Supremo para que revisemos dicha determinación desestimatoria. Si el Tribunal Supremo entiende que el foro apelativo tiene jurisdicción, lo que procede es devolver el caso al Tribunal de Apelaciones para que ejerza su facultad revisora. De este modo se cumple con el mandato legislativo de que los dictámenes del Tribunal de Primera Instancia los revise, en primer lugar, el Tribunal de Apelaciones. Véase Art. 4.006 de la Ley de la Judicatura de 2003 (4 L.P.R.A. sec. 24y).
I—I I—I l—l
De acuerdo con lo que dispone el Código de Enjuiciamiento Civil, en los casos de desahucio el demandado tiene que prestar una fianza como requisito para presentar un recurso de apelación de la sentencia que se dictó en su contra. Art. 630 del Código de Enjuiciamiento Civil, reenumerado por la Ley Núm. 129 de 27 de septiembre de 2007, 32 L.P.R.A. sec. 2832. El requisito que obliga a un demandado a prestar una fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago. Blanes v. Valldejuli, 73 D.P.R. 2, 5 (1952). La razón es obvia: la fianza no existe para garantizar únicamente los pagos adeudados, sino también los daños resul *414 tantes de mantener congelado el libre uso de la propiedad afectada mientras se dilucida la apelación. “Lo anterior aconseja que sea el Tribunal de Primera Instancia el foro que fije la fianza, como paso previo y jurisdiccional a la radicación del recurso de apelación.” Exposición de Motivos de la Ley Núm. 378 de 3 de septiembre de 2000 (2000 (Parte 2) Leyes de Puerto Rico 2082), que enmendó el Art. 630 del Código de Enjuiciamiento Civil, supra. Nada de esto cambió con la aprobación de la Ley de la Judicatura de 2003 ni con la Ley Núm. 129, supra.
Esta fianza se tiene que otorgar dentro del término de treinta días para apelar que se establece en el Art. 629 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2831, reenumerado por la Ley Núm. 129, supra. Véase Andino v. Fajardo Sugar Co., 82 D.P.R. 85 (1961). En la alternativa, cuando el desahucio sea por falta de pago, la parte apelante puede consignar en el tribunal el monto de la deuda hasta la fecha de la sentencia, en lugar de prestar la fianza. Art. 630 del Código de Enjuiciamiento Civil, supra. Véanse, además: Blanes v. Valldejuli, supra; Casillas v. Corte de Distrito, 38 D.P.R. 731 (1928).
Conforme dispone la doctrina, éste es un requisito jurisdiccional. González v. López, 69 D.P.R. 944, 946-947 (1949); López v. Pérez, 68 D.P.R. 312 (1948). Por lo tanto, si el demandado no presta la referida fianza ni consigna los cánones adeudados cuando el desahucio se funde en la falta de pago, el Tribunal de Apelaciones no adquiere jurisdicción para atender el recurso de apelación.
No obstante lo anterior, aquellos demandados cuya insolvencia económica ha sido reconocida por el tribunal, están exentos de cumplir con dicho requisito. Bucaré Management v. Arriaga García, 125 D.P.R. 153, 158 (1990); Molina v. C.R.U.V., 114 D.P.R. 295, 297-298 (1983). Esta norma es cónsona con la intención del legislador de garantizar el acceso a los tribunales de los litigantes insolventes. Bucaré Management v. Arriaga García, supra, pág. 157.
*415 Según se desprende del expediente ante nuestra consideración, la parte demandada peticionaria, señora Santiago Velázquez, se encuentra en un estado de insolvencia que le impide poder cumplir con el requisito de afianzamiento para presentar el recurso de apelación ante el Tribunal de Apelaciones. La señora Santiago Velázquez es ama de casa y no genera ingresos. Luego del divorcio, las partes no se han puesto de acuerdo respecto a la división de los bienes matrimoniales, y el demandante recurrido, doctor Crespo Quiñones, aceptó en una carta dirigida a la señora Santiago Velázquez que le retiene las mensualidades pactadas en las capitulaciones matrimoniales. Carta de 26 de marzo de 2007, Apéndice de la Petición de certiorari, pág. 150. En las circunstancias económicas en las que se encuentra la señora Santiago Velázquez, el Tribunal de Apelaciones debió eximirla del requisito de la fianza en apelación y asumir su jurisdicción para atender el recurso. Por lo tanto, dicho foro erró al desestimar el recurso de apelación.

<

Una vez resuelto que el Tribunal de Apelaciones tenía jurisdicción para atender la apelación, procede devolver el recurso a dicho foro para que lo atienda junto con la revisión mediante certiorari de la determinación de hogar seguro que hizo el Tribunal de Primera Instancia. “Un principio cardinal en nuestro derecho procesal es el de evitar la multiplicidad de pleitos, y de adjudicar en una causa las distintas reclamaciones de las partes cuando la naturaleza de las causas lo permiten.” López Valdés v. Tribunal Superior, 96 D.P.R. 779, 792 (1968). “[N]o es necesario que la totalidad de las cuestiones de hecho y de derecho sean idénticas.” Vives Vázquez v. E.L.A., 142 D.P.R. 117, 127 (1996). Tampoco es un requisito indispensable que las ac *416 ciones a consolidarse sean de igual naturaleza. Vives Vázquez v. E.L.A., supra, pág. 128.
Por ello es conveniente y deseable que se consolide este recurso con el certiorari para revisar el dictamen de hogar seguro que está pendiente ante el Tribunal de Apelaciones. Ambos recursos inciden sobre el mismo objeto y las partes litigantes son las mismas. Por lo tanto, se cumplen los dos requisitos que exige la Regla 38.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para que proceda la consolidación: “que los casos presenten cuestiones comunes de hechos o de derecho, y que éstos estén pendientes ante el tribunal.” Vives Vázquez v. E.L.A., supra, pág. 126. Véase, además, Hosp. San Fco., Inc. v. Sria. de Salud, 144 D.P.R. 586 (1997). Con la consolidación de ambos recursos se consigue “evitar la proliferación de acciones, lograr la economía procesal y evitar la indeseable probabilidad de que surjan fallos incompatibles relacionados con un mismo incidente”. Granados v. Rodríguez Estrada II, 124 D.P.R. 593, 608 (1989).
En nuestro ordenamiento, el derecho de dominio que goza el titular está supeditado a intereses de mayor jerarquía. Cruz Cruz v. Irizarry Tirado, 107 D.P.R. 655 (1978). Conforme a este principio, la doctrina establece que el derecho de dominio del padre o cualquier interés propietario que pueda tener sobre la vivienda familiar cede ante el bienestar de los hijos. Candelario Vargas v. Muñiz Díaz, 171 D.P.R. 530 (2007).
Según esta norma, lo recomendable en términos procesales es que cuando se presenten situaciones como la de autos, en la que una parte reclama el bien objeto del desahucio sumario como hogar seguro, el Tribunal de Primera Instancia deberá paralizar la consideración del caso de desahucio hasta que se dilucide en la sala de familia si la propiedad sobre la que se verificaría el desahucio será o no el hogar seguro de la familia. Si no se declara como hogar seguro, se reanudará la consideración del caso de desahucio. Si se declara la propiedad como hogar seguro, la *417 acción de desahucio se tornará académica y procederá la desestimación de la demanda. Corresponde a la parte interesada en el pleito de desahucio informarle al tribunal el estado de los procedimientos habidos en la sala de familia con relación a la reclamación de hogar seguro.
De esta forma, ambos reclamos se atenderán a la luz de los mejores intereses de los hijos menores de las partes y con la prontitud que ameritan los intereses presentes en este recurso, a saber, el derecho propietario y el derecho a un hogar seguro. Además, la paralización del caso de desahucio mientras se resuelve la reclamación de hogar seguro evita que se tramiten a la vez dos recursos separados en el Tribunal de Apelaciones, como ocurrió aquí. Se reduce, además, la probabilidad de que surjan dictámenes incompatibles. En esta situación particular, es imposible atender la acción de desahucio de manera sumaria. Tampoco es práctico enviar ese asunto a una sala especializada en otros asuntos, como la sala de asuntos de familia y menores. Es preferible que los casos de desahucio los atiendan los jueces que están familiarizados con tales acciones.
Como el Tribunal de Primera Instancia siguió un curso procesal distinto, procede consolidar los casos en la etapa en que se encuentran, ante el Tribunal de Apelaciones, para que éste los atienda de forma consolidada, no se incurra en procedimientos innecesarios y se eviten dictámenes incompatibles.
V
Como señalamos anteriormente, el único asunto que la señora Santiago Velázquez presentó en este recurso se limita a revisar la determinación del foro apelativo en la que se desestimó el recurso de apelación por falta de jurisdicción. Según surge del expediente, los escritos de las partes se circunscriben a discutir únicamente el asunto jurisdiccional. De hecho, como ya señalamos, lo único que este Tribunal tiene que determinar en esta etapa es si procedía la desestimación del recurso. Por lo tanto, resuelto *418 que el foro apelativo tenía jurisdicción para atender el asunto ante sí, lo correcto en derecho es devolverle el caso para que lo resuelva en los méritos junto con la revisión de la determinación de hogar seguro que está allí pendiente.
El Tribunal de Apelaciones también revisa cuestiones de estricto derecho y ese es el foro que atiende dichas revisiones en primer orden. De hecho, en innumerables ocasiones, cuando este Tribunal ha determinado que el Tribunal de Apelaciones tiene jurisdicción, hemos devuelto el caso a ese foro apelativo para que ejerza su facultad revisora. Véanse, entre otros: Ramos Ramos v. Westernbank, 171 D.P.R. 629 (2007); Fraya v. A.C.T., 162 D.P.R. 182 (2004); Pellot v. Avon, 160 D.P.R. 125 (2003); Román et als. v. Román et als., 158 D.P.R. 163 (2002); Martínez v. Depto. del Trabajo, 145 D.P.R. 588 (1998).
Precisamente, en Bucaré Management v. Arriaga García, supra, este Tribunal atendió una controversia como la de autos en la que la parte demandada era insolvente, por lo que no tenía que prestar fianza para presentar un recurso de apelación contra una sentencia que declaró “con lugar” un desahucio. En dicho caso devolvimos el asunto al foro revisor —el entonces Tribunal Superior— para que atendiera los méritos del caso.
La consistencia implica decidir situaciones similares de la misma manera. Por eso, debemos aclarar que nuestra decisión de hoy es totalmente compatible con lo resuelto en Suárez Cáceres v. Com. Estatal Elecciones, 176 D.P.R. 31 (2009). Allí teníamos ante nos toda la controversia y la resolvimos luego que las partes la argumentaran. En cambio, en el recurso que ahora nos ocupa, el caso de hogar seguro no está ante nos y las partes no han argumentado los méritos de ninguna de las dos acciones, la de desahucio ni la de hogar seguro. De hecho, la parte peticionaria, señora Santiago Velázquez, se limita a alegar que está exenta del pago de fianza en la acción de desahucio bajo varias teorías de derecho, incluso la indigencia. Menciona, pero no elabora, por qué no procede la demanda de desahucio. Bajo estas circunstancias, es claro que la Ley de la Judicatura *419 de 2003 confiere competencia al Tribunal de Apelaciones para que provea justicia apelativa en primer término. Por eso le devolvemos el caso, tal como lo hemos ordenado en los casos citados antes.
Claro está, si alguna de las partes queda inconforme con el dictamen que en su día emita el Tribunal de Apelaciones, puede recurrir ante nos para que lo revisemos. Con este curso de acción se resuelven simultáneamente los dos asuntos que aquejan a las partes en este caso: el desahucio y el hogar seguro. Cabe señalar que, al así actuar, no se afectan los intereses de las menores, ya que el Tribunal de Apelaciones paralizó los procedimientos de adjudicación de hogar seguro en el foro de primera instancia. Por lo tanto, las menores están protegidas por la orden de hogar seguro provisional que emitió el Tribunal de Primera Instancia en la sala de familia, y que sigue vigente.
Si bien es cierto que el asunto litigioso en el que están enfrascadas las partes es apremiante, esto no es razón para permitir que se menoscabe el proceso apelativo que el legislador estableció. El Tribunal de Apelaciones puede atender este caso con la premura que se merece. Si resolviéramos los méritos del caso sin darle la oportunidad al Tribunal de Apelaciones para que ejerza su facultad revisora, ignoraríamos el mandato legislativo que establece un foro intermedio entre el Tribunal de Primera Instancia y el Tribunal Supremo; sería quitarle de facto al Tribunal de Apelaciones la jurisdicción que le reconocimos de iure. Además, atenderíamos asuntos que las partes no han señalado ni argumentado ante nos, en menoscabo de sus derechos como litigantes.
Este resultado no menoscaba nuestra independencia de criterio ni nuestras facultades constitucionales. Por el contrario, luego de adjudicar que el Tribunal de Apelaciones tiene jurisdicción para atender el recurso, nos adherimos fielmente al esquema de ley respecto a la competencia de los foros apelativos y reconocemos que nuestra facultad para pautar el derecho no puede ejercerse a destiempo.
*420 VI
Por los fundamentos señalados, se expide el auto de “certiorari”, se revoca la sentencia del Tribunal de Apelaciones, Región Judicial de San Juan, y se devuelve el caso a ese foro para que lo resuelva en los méritos de forma consolidada con el recurso KLCE200900153, entre las mismas partes, pendiente para su consideración.

Se dictará Sentencia de conformidad.

El Juez Presidente Señor Hernández Denton disintió con una opinión escrita, a la que se unieron la Jueza Asociada Señora Fiol Mattay la Juez Asociada Señora Rodríguez Rodríguez.