ANDRÉS POL SERRANO, peticionario y apelado, *v.* LA CORTE DE DISTRITO DE AGUADILLA, HON. E. S. MESTRE, JUEZ, demandada; MATÍAS SUAU BALLESTER, por su tutor BERNARDO SUAU BALESTER, interventor y apelante.

No. 6495.—*Sometido:* Enero 23, 1935. *Resuelto:* Abril 11, 1935.

*Ángel Arroyo,* abogado del apelante; *Luis Mercader,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El demandante en un juicio de desahucio por precario interpuso esta apelación contra la sentencia que un juez de este Tribunal Supremo dictó en un procedimiento de *certiorari* interpuesto ante él por el demandado durante las vacaciones de este tribunal, por la cual anuló la resolución de la corte inferior que negó su aprobación a la fianza que el demandado prestó para su apelación contra la sentencia y que declaró no haber lugar a admitir el recurso de apelación por no haber quedado formalizada la fianza dentro del término concedido para dicha apelación.

El apelante demandó en la Corte de Distrito de Aguadilla al apelado en juicio de desahucio por precario en el cual fué dictada sentencia contra el demandado, la que le fué notificada el 4 de agosto de 1933. Al día siguiente, 5, el demandado apeló esa sentencia y solicitó de la corte que fijara la cantidad por la cual debía prestar fianza para su apelación y el mismo día fué fijada en $5,000. El mismo día 5 fué suscrita y jurada la fianza pero no fué radicada en la secretaría de la corte hasta el día 7, sin constancia de haber sido notificada al demandante. Ese documento lo suscribieron y juraron Hipólito Collazo y Aurelio Lladó como fiadores manifestando el primero de ellos ser dueño de bienes en. el municipio de Utuado libres de ejecución y sin cargas por valor mayor de $5,000, por cuyos bienes paga contribuciones al Tesoro Insular en suma anual mayor de $250. El otro

fiador también juró ser propietario de bienes raíces en el municipio de Utuado con propiedad inmueble libre de ejecución y sin cargas por valor mayor de $5,000, por los cuales paga contribuciones por más de $250 anuales. Al siguiente día 8 obtuvo el demandante en Utuado ciertas constancias referentes a los fiadores, las cuales presentó el día 9 a la corte con moción para que no aprobase la fianza. La notificación de esa moción fué puesta el mismo día 9 en el correo en Mayagüez, donde reside el abogado del demandante, para ser entregada en Arecibo, donde vive el abogado del demandado. En esa moción se alegó que la fianza no debía ser aprobada por no estar redactada de acuerdo con el artículo 355 del Código de Enjuiciamiento Civil y porque los fiadores no tienen bienes bastantes para la garantía que prestaron. Dichas constancias son declaraciones escritas y juradas según las cuales Hipólito Collazo no tiene finca alguna inscrita en el Registro de la Propiedad de Utuado y que en la Colecturía de Rentas Internas hay dos recibos a su nombre, uno por 2½ cuerdas de terreno valoradas en $50 y otro por 9 cuerdas tasadas en $180. En cuanto a Aurelio Lladó existe un recibo por una finca de 62 cuerdas 763 milésimas valoradas con sus establecimientos en $2,690, finca que según certificación del registro de la propiedad está gravada con tres hipotecas, una de $3,020 por capital e intereses, otra de $10,100 por capital, intereses y costas y otra de $1,500; sumando las tres $14,620. El 11 de agosto siguiente la corte de distrito dictó resolución negando su aprobación a la fianza y no admitiendo el recurso de apelación interpuesto por el demandado. Después de las actuaciones que hemos relacionado no hay otras constancias en los autos de la corte de distrito que hagan referencia a la fianza.

El 15 de agosto acudió el demandado Andrés Pol Serrano ante un juez de este Tribunal Supremo durante las vacaciones de éste para que librase un auto de *certiorari* a fin de que revisara la resolución de la Corte de Distrito de Aguadilla de 11 de agosto a que nos hemos referido, alegando a

tal fin, en lo pertinente ahora, que el día 11 de agosto recibió por correo en Arecibo copia de la moción del demandante sobre nulidad y desestimación de la apelación por no haberse presentado la fianza dentro de los cinco días siguientes al 31 de julio en que se dictó la sentencia y también porque la fianza era insuficiente: que el mismo día 11 fué a Aguadilla a presentar escrito de oposición a la moción de desestimación del demandante suplicando se señalara día para una vista para probar la solvencia de sus fiadores y para que si la corte no encontraba suficiente la fianza presentar nuevos fiadores, concediéndole para ello un plazo razonable; pero que cuando llegó a Aguadilla de cuatro a cinco de la tarde se le notificó la resolución de la corte no admitiendo su recurso de apelación, a pesar de lo cual radicó esa misma tarde su escrito de oposición interesando de ese modo que la corte reconsiderara su resolución de 11 de agosto, sin que fuera reconsiderada. También alegó que la corte cometió error de procedimiento cuando sin oír al demandado ni darle oportunidad de defensa ni de enmendar la fianza o adicionar los fiadores decretó la no admisión de la fianza y anuló el recurso de apelación.

El juez a quien fué presentada esa solicitud de *certiorari* libró el auto interesado después de haber oído sobre su procedencia a las partes del litigio. Posteriormente falló anulando la resolución de la corte de distrito de 11 de agosto de 1933 y el demandante interpuso esta apelación.

En los autos de la corte de distrito, en la petición de *certiorari* y en la resolución apelada hay ciertas constancias sobre un aseguramiento de sentencia decretado en el pleito, de las cuales hemos prescindido porque ese asunto no es motivo de error en esta apelación y porque es independiente de la cuestión en controversia. Tampoco hay discusión en cuanto a que el término de cinco días concedido por la ley para apelar una sentencia en juicio de desahucio se cuenta desde la fecha en que la sentencia fuere notificada por el secretario de la corte a las partes o a sus abogados, como

expresamente dispone la enmienda hecha en 1929 (Ley No. 11 de 1929, pág. 139) a la sección 11 de la ley de desahucio. Ni hay contienda en que según la sección 12 de la misma ley no se admitirá al demandado el recurso de apelación si no otorga fianza a satisfacción del tribunal para responder de los daños y perjuicios que puedan irrogarse al demandante y de las costas de la apelación cuando la demanda no se funde en falta de pago de las cantidades convenidas, así como que la fianza deberá quedar formalizada dentro del término concedido para la apelación. En resumen, el demandado tuvo, de acuerdo con la ley, cinco días contados desde el 5 de agosto para apelar y para presentar la fianza requerida por la ley.

Si bien la resolución de la corte de distrito fué dictada después de sentencia, por lo que era apelable, sin embargo, creemos que el recurso de *certiorari* era procedente en este caso porque dada la naturaleza sumaria de los desahucios, la apelación contra esa resolución no hubiera resultado un remedio adecuado, rápido y eficaz; teniendo en cuenta también que se alega error de procedimiento por haber sido negada la aprobación de la fianza sin dar oportunidad al demandado para probar que los fiadores tenían bienes suficientes para la garantía que prestaron.

Según el artículo 12 de la ley de desahucio y nuestras decisiones en los casos de *Figueroa* v. *Sepúlveda,* 24 D.P.R. 690, y de *Ramírez* v. *Pérez,* 25 D.P.R. 231, el término de cinco días concedido por la ley para apelar en juicio de desahucio no es prorrogable ni puede concederse un nuevo término para tal fin.

El juez que dictó la sentencia que motiva esta apelación se fundó para anular la orden de la corte inferior negando su aprobación a la fianza presentada por el demandado y declarando en consecuencia sin lugar el recurso de apelación que interpuso, en que cuando la fianza adolece de algún defecto, tanto la corte como el demandante deben actuar con la necesaria prontitud para ofrecer al demandado la

oportunidad de subsanar estos defectos o de prestar nueva fianza; en que la impugnación a la fianza se radicó el mismo día que expiraba el plazo para formalizar la apelación, siendo notificada por correo desde Mayagüez a Arecibo, prácticamente cuando no había tiempo para subsanar los errores apuntados, para demostrar la suficiencia de los fiadores ni para prestar nueva fianza; que es un deber claro de la corte examinar prontamente la fianza para que si no resulta satisfactoria pueda ser subsanada o prestarse otra; que cuando se radicó la fianza faltaban dos días para expirar el plazo dentro del cual debía radicarse la apelación pero que la corte dictó su resolución dos días después de expirar. Citó algunas sentencias de tribunales de los Estados Unidos.

Nosotros creemos que el apelante, a quien la ley exige fianza para establecer apelación, tiene el deber primordial de que la que presente cumpla con los requisitos legales, pues en caso contrario se expone a perder su derecho. No conocemos deber alguno impuesto por la ley al apelado para que tenga que impugnar la fianza necesariamente con tiempo bastante para que el apelante lo tenga para corregir los defectos de que adolezca, o para presentar otra fianza en tiempo oportuno, de tal modo que si no lo hace pierda su derecho a que haya una fianza suficiente y tenga que seguir sin fianza adecuada durante el tiempo que dure la apelación y recaiga sentencia definitiva. Por otra parte, los hechos de éste caso demuestran que el apelante no fué diligente en la presentación de su fianza, pues teniéndola firmada desde el 5 de agosto, cuando aún quedaban cuatro días de los cinco que concede la ley, la retuvo y no la presentó hasta el día 7, cuando sólo quedaban dos días para expirar el plazo legal; y también demuestran que el demandante fué sumamente activo en la impugnación que hizo a la fianza, pues presentada ésta el día 7, sin que conste que se le notificara, al siguiente día 8 averiguaba en Utuado los bienes que los fiadores juraron que tenían allí y el resultado de la prueba que obtuvo

lo presentó al tribunal al siguiente día 9 para demostrar que los fiadores no tenían bienes suficientes para garantizar la cantidad de $5,000. Es cierto que el día 9 era el último de los que tenía el apelante para dejar perfeccionada su apelación pero en esto no tuvo el demandante culpa ni falta de diligencia; la culpa estuvo en el apelante en presentar una fianza que se dice no cumple con los requisitos legales y no haberla radicado el día 5, en cuya fecha estaba firmada, en la que hubiera habido cuatro días para impugnarla y para resolver la corte. Tampoco hubo falta alguna en la corte pues aunque hubiera sido resuelta la impugnación al siguiente día 10, ya había expirado el término para ser corregida la fianza o para presentar otra nueva. De todos modos, aunque la resolución de la corte de 11 de agosto pudiera ser considerada tardía, si tal falta existió no sería responsable el demandante de esa falta de la corte. Ya hemos demostrado que el demandante no incurrió en falta alguna. Sin embargo, la resolución apelada crea la situación de que se prosiga la apelación sin fianza, ya que según los documentos que presentó el demandante, sin que nosotros resolvamos ahora respecto a ellos, los fiadores no tienen bienes suficientes para garantizar $5,000.

A pesar de lo expuesto entendemos que el demandado tenía derecho a ser oído antes de negarse la aprobación a su fianza para que tuviera la oportunidad de demostrar que no sólo está bien redactada sino también que sus fiadores tienen bienes suficientes para la obligación que contrajeron, no obstante los documentos presentados por el demandante. Por este solo motivo y para ese fin *debe ser anulada la resolución de la Corte de Distrito de 11 de agosto de 1933, enmendándose en ese sentido la sentencia apelada que resolvemos.*

El Juez Asociado Sr. Córdova Dávila no intervino.