Matías Suau Ballester, demandante y apelado, *v.* Andrés Pol Serrano, acusado y apelante.

Núm. 7079.—*Sometido:* Marzo 18, 1937. *Resuelto:* Abril 30, 1937.

*Luis Mercader,* abogado del apelante; *Juan B. Soto, Juan F. Soto y Enrique Igaravídez,* abogados del apelado.

El Juez Presidente Señor del Toro emitió la opinión del tribunal.

Matías Suau representado por su tutor Bernardo Suau entabló demanda de desahucio en la Corte de Distrito de Aguadilla el 12 de junio de 1933 contra Andrés Pol. Excepcionó y contestó el demandado y practicada la prueba la Corte resolvió el pleito declarando la demanda con lugar en julio 31, 1933.

Apeló el demandado para ante esta Corte Suprema y la corte de distrito el 11 de agosto, 1933, desestimó su recurso por no haber quedado formalizada la fianza dentro de los cinco días que exige la ley. Acudió en "certiorari" para ante el Juez de Turno de esta Corte Suprema que se hallaba en vacaciones, y tramitado el recurso con intervención de la otra parte en el desahucio, el Juez de turno anuló la resolución de la corte de distrito de agosto 11, 1933.

Contra la resolución del Juez de Turno apeló el demandante en el pleito de desahucio para ante el Tribunal en pleno, decidiéndose la apelación en abril 11, 1935. De la opinión emitida al efecto se transcribe lo siguiente:

"Nosotros creemos que el apelante, a quien la ley exige fianza para establecer apelación, tiene el deber primordial de que la que presente cumpla con los requisitos legales, pues, en caso contrario se expone a perder su derecho.... De todos modos, aunque la resolución de la corte de 11 de agosto pudiera ser considerada tardía,

si tal falta ex'stió no sería responsable el demandante de esa falta de la corte. Ya hemos demostrado que el demandante no incurrió en falta alguna. Sin embargo, la resolución apelada crea la situación de que se prosiga la apelación sin finza, ya que según los documentos que presentó el demandante, sin que nosotros resolvamos ahora respecto a ellos, los fiadores no tienen bienes suficientes para garantizar $5,000.

"A pesar de lo expuesto entendemos que el demandado tenía derecho a ser oído antes de negarse la aprobación a su fianza para que tuviera la oportunidad de demostrar que no sólo está bien redactada sino también que sus fiadores tienen bienes suficientes para la obligación que contrajeron, no obstante los documentos presentados por el demandante. Por este solo motivo y para ese fin debe ser anulada la resolución de la Corte de Distrito de 11 de agosto de 1933, enmendándose en ese sentido la sentencia apelada que resolvemos." *Pol.* v. *Corte, y Suau, Int.*, 48 D.P.R. 379, 384, 385.

Devuelto el caso a la corte de distrito, ésta dictó una orden el 25 de abril de 1935 fijando el 6 de mayo siguiente "para oír al demandado antes de negarse la aprobación de la fianza, de modo que tenga oportunidad de demostrar que no sólo está bien redactada la misma sino también que sus fiadores tienen bienes suficientes para la obligación que contrajeron en virtud de ella."

El demandado se limitó a presentar un escrito de oposición a la regla de la corte y ésta en mayo 10, 1935, dictó una resolución que termina como sigue:

"La Corte, después de haber considerado detenidamente las cuestiones planteadas por el demandado, las declara sin lugar, y no habiendo el mismo comparecido ni demostrado en forma alguna que su fianza se encuentra bien redactada y que sus fiadores tienen bienes suficientes para la obligación que han contraído en virtud de dicha fianza, resuelve no haber lugar a aprobarla y en tal virtud, desestima el recurso de apelación interpuesto contra la expresada sentencia."

Contra esa resolución fué que se interpuso el recurso que estamos ahora considerando cuya vista se celebró con la sola asistencia de la parte apelada el 18 de marzo último.

Señala la parte apelante en su alegato dos errores. Por el primero sostiene que la corte de distrito actuó sin juris-

dicción en el asunto y por el segundo que el párrafo segundo de la sección 12 de la Ley de Desahucio es anticonstitucional.

■■ Examinemos la cuestión de jurisdicción. Sostiene el apelante que debiendo interponerse las apelaciones en casos de desahucio de acuerdo con la sección 11 de la ley sobre la materia—artículo 630 del Código de Enjuiciamiento Civil, ed. 1933, p. 260—dentro del término de cinco días, y que habiéndose archivado su fianza dentro de dicho término y quedado anulada la resolución de la corte de distrito de agosto 11, 1933, desestimando su recurso de apelación por ser la fianza insuficiente, por la resolución del Juez de Turno en el *certiorari* que esta corte confirmó, la corte de distrito carecía de jurisdicción para investigar de nuevo la suficiencia de la fianza.

No estamos conformes. Al resolver la Corte Suprema la apelación de la resolución de su Juez de Turno dictada en el procedimiento de *certiorari,* consignó expresamente que el único derecho que reconocía al demandado y el único que le había sido implícitamente denegado por la corte de distrito .era el de ser oído antes de negarse la aprobación de la fianza a fin de que tuviera la oportunidad de demostrar que no sólo estaba dicha fianza bien redactada si que también sus fiadores tenían bienes suficientes para contraer la responsabilidad que asumieron, y ese derecho le fué plenamente reconocido por la resolución de mayo 10, 1935, de que ahora apela el demandado.

Presentada la fianza en tiempo, el resolver sobre su suficiencia por haber sido impugnada no es cuestión que tenga necesariamente que decidirse dentro del término de cinco días. Es el deber del apelante presentar dentro de dicho término una fianza suficiente. Si impugnada resiste el ataque, queda en pié; si cede, es como si no existiera, no pudiendo concederse un nuevo término para prestar otra en su lugar, que es lo que en verdad resuelve el caso de *Figueroa* v. *Sepúlveda, Juez de Distrito,* 24 D.P.R. 690 invocado por el apelante, a saber:

"Las apelaciones en los juicios de desahucio deben interponerse en el término de cinco días contados desde la fecha de la sentencia, y cuando el desahucio se funda en el vencimiento del término del arrendamiento, es requisito indispensable para ejercitar el recurso de apelación la prestación de fianza para responder de los daños y perjuicios y de las costas de apelación, cuya fianza debe quedar formalizada dentro del término concedido para la apelación.

"Traspasa los límites de su jurisdicción un juez municipal que en un juicio de desahucio declara nula una fianza prestada para la apelación y concede un término al demandado para presentar nueva fianza en debida forma, y aprueba ésta después de haber transcurrido el término en que debió quedar formalizada dicha fianza.

"El artículo 140 del Código de Enjuiciamiento Civil no autoriza a ninguna corte para alterar términos jurisdiccionales."

Resuelto el primer error, procederemos al estudio y decisión del segundo. Por él se sostiene la anticonstitucionalidad del párrafo segundo de la sección 12 de la Ley de Desahucio de 1905 que figura actualmente como el artículo 631 del Código de Enjuiciamiento Civil, ed . 1933. La sección en su totalidad prescribe:

"Artículo 631.—No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

"En cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación.

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación."

Admite el apelante que la Legislatura tuvo base para distinguir entre demandante y demandado en cuanto al caso a que se refiere el párrafo primero del artículo, pero sostiene que la distinción que contiene el párrafo segundo es anticonstitucional por discriminatoria y abusiva en contra del demandado.

En apoyo de su contención hace el apelante la siguiente cita de Corpus Juris:

"Los estatutos que autorizan se concedan honorarios de abogado como parte de una sentencia, no infringen la garantía sobre igual protección de las leyes, cuando tales honorarios se conceden sin discriminación alguna contra la parte perdidosa, ora sea ésta demandante o demandada. Los que conceden tales honorarios a la parte demandante, mas no a la demandada, por lo general son nulos por negar la igual protección de las leyes." 12 C. J. 1177.

La ley en Puerto Rico no contiene diferencia alguna en cuanto al derecho de recobrar costas y honorarios de abogado en casos de desahucio. Ambas partes tienen ese derecho por igual. La diferencia que se observa es en cuanto al afianzamiento del pago de las costas en casos de apelación. Siendo ello así, la jurisprudencia que se cita no es aplicable.

La diferencia que la ley establece es a nuestro juicio razonable porque el demandante que apela queda en la misma posición y sólo somete la decisión de su derecho a otra instancia. Se le coloca en la misma posición que a todos los apelantes y apelados en casos civiles ordinarios, a ninguno de los cuales se les exige en la actualidad prestación de fianza para establecer sus recursos. Por el contrario el demandado en su caso de desahucio, que es un procedimiento sumario que sólo puede promoverse por la persona que tiene un claro derecho al disfrute de la finca, cuando ese derecho se reconoce por la corte inferior y él apela, continúa en la posesión y disfrute del inmueble. No debe perderse de vista que el de apelación no es un derecho absoluto sino que se concede por la Legislatura para corregir errores que puedan haberse cometido no obstante haberse dado ya a las partes su día en corte, y que la jurisprudencia ha resuelto, transcribiendo del texto del propio Corpus Juris, lo que sigue:

"Bajo su autoridad general para reglamentar el procedimiento apelativo la legislatura tiene facultad para exigir la prestación de una fianza como condición precedente al derecho a entablar una apelación o un recurso de error, a no ser que tal autoridad haya sido claramente excluída por la constitución. Semejantes estatutos no

infringen las disposiciones constitucionales que conceden el derecho a apelar, toda vez que no restringen o niegan el derecho sino que meramente regulan la manera de ejercitarlo. Tampoco violan las disposiciones constitucionales que proveen que todas las leyes relativas a las cortes deben ser generales y uniformes en su aplicación, ni las disposiciones de que todas las cortes deben estar abiertas a las partes, y que toda persona, por los daños ocasionádosle a sus fincas, bienes, persona o reputación, tendrá un derecho en el curso ordinario de la ley, y que la justicia será administrada sin trabas ni demoras; ni participan de la naturaleza de legislación de clase.'' 3 C. J. 1108.

*Por virtud de lo expuesto, no habiéndose cometido ninguno de los errores señalados, debe declararse el recurso sin lugar y confirmarse la resolución apelada.*