Félix C. Mas, demandante y apelado, *v.* Faustino Berríos Sánchez, demandado y apelante.

Núm. 7669.—*Sometido:* Febrero 14, 1938. *Resuelto:* Marzo 29, 1938.

González Fagundo & González, Jr., abogados del apelante; H. González Blanes, abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Dictada sentencia en junio 30, 1937, decretando el desahucio solicitado, la parte demandada apeló para ante este tribunal en julio seis siguiente. En diciembre 29, 1937, se radicó la transcripción y en enero 27, 1938, el alegato del apelante. Así las cosas, en febrero 4, 1938, la parte apelada solicitó la desestimación del recurso por haberse declarado nula la fianza prestada para interponerlo, oponiéndose el apelante por escrito alegando que la resolución de nulidad no es firme por haberse apelado. La vista de la moción de desestimación se celebró el catorce de febrero último con la sola asistencia de la parte apelante por su abogado.

Para apelar de una sentencia decretando el desahucio es necesario consignar el importe del precio adeudado cuando el desahucio se funda en falta de pago de las cantidades convenidas y en cualquier otro caso prestar fianza a satisfacción de la corte sentenciadora para responder de los daños y perjuicios que puedan irrogarse al demandante y de las costas de la apelación. Artículo 631, Código de Enjuiciamiento Civil, ed. de 1933.

Siendo ello así, claro es que si la fianza se presta y luego se declara nula, cae por su base el recurso y procede su desestimación. Véase el caso de *Suau* v. *Pol,* 51 D.P.R. 445.

Aquí, como sabemos, la declaración de nulidad se hizo, pero fué apelada y la cuestión a considerar es la del efecto de la apelación en cuanto a la desestimación pedida.

Si la resolución era apelable, una vez apelada quedaron suspendidos sus efectos. Artículos 297 y 298 del Código de Enjuiciamiento Civil, ed. de 1933. La jurisdicción pasó a esta Corte Suprema y nada esta corte ha resuelto aún sobre el particular. En los actuales momentos el *status* del caso es el de una fianza declarada nula por una corte de distrito, sin que la declaración haya adquirido el carácter de firme por haber sido apelada, hallándose pendiente de tramitación el recurso.

Ninguna de las partes ha presentado jurisprudencia sobre los efectos de una apelación en un caso como éste. Tenemos dudas por tratarse fundamentalmente de un pleito como el de desahucio que no puede apelarse, como hemos visto, sin prestarse fianza a satisfacción de la corte sentenciadora, ya que si admitimos que la apelación de la resolución de nulidad—para la cual no se exige fianza—produce el efecto de dejar en suspenso la apelación del desahucio, de hecho estaríamos quizá resolviendo que la ejecución de la sentencia de desahucio podría dilatarse indirectamente sin una fianza válida, lo que sería contrario a los propósitos de la ley.

Sin embargo, como la cuestión levantada por la parte apelante no ha sido impugnada por la parte apelada, en ausencia de una demostración en contrario y siendo sumamente fácil despejar la situación pidiendo la desestimación del recurso interpuesto contra la resolución de nulidad si es que realmente no procede o no es meritorio, aplicaremos la regla general y resolveremos que no teniendo el carácter de firme la dicha resolución de nulidad, no cabe desestimar el recurso bajo el fundamento de la no existencia de la fianza necesaria para interponerlo.

*La moción de desestimación debe ser en tal virtud declarada sin lugar.*

El Juez Asociado Señor Córdova Dávila no intervino.