Josefina Fabián de Lozana, demandante y apelada, *v.* Swiggett, Inc., Juan J. R. Fuertes, A. Casanova Prats, Roberto C. Barbosa, Marie Lefranc Pla y Pedro Rodríguez, demandados y apelante el último. La Misma *v.* Los Mismos; Juan J. R. Fuertes y Abelardo Casanova Prats, apelantes.

Núms. 7760 y 7761.—*Sometidos:* Junio 6, 1938. *Resueltos:* Julio 12, 1938.

*Angel N. Parra,* abogado del apelante Sr. Rodríguez; *A. Casanova Prats y Juan R. Fuertes, pro se; J. Sifre y O. J. Antonsanti,* abogados de Swiggett, Inc., y *Damián Monserrat, Jr.,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El ocho de marzo último Josefina Fabián de Lozana, dueña de la casa número diez y nueve de la calle de San Justo de esta ciudad de San Juan, demandó en desahucio a los ocupantes de la misma Swiggett Incorporated, Juan José R. Fuertes, Abelardo Casanova Prats, Roberto C. Barbosa, Marie Lefranc Pla y Pedro Rodríguez, alegando que en junio 5, 1933, arrendó dicha casa a Swiggett Incorporated por canon de seiscientos dólares mensuales durante el resto del año y setecientos después hasta la fecha del vencimiento del contrato que se fijó para el quince de febrero de 1938, pagadero dicho canon por mensualidades vencidas; que Swiggett entró en posesión de la totalidad de la finca y como arrendatario subarrendó diferentes locales de la misma a los otros demandados, sujetos los subarriendos al contrato principal; que vencido éste y requeridos los demandados para que desocuparan el inmueble, no lo hicieron, motivo por el cual acudía a los tribunales en solicitud de una sentencia decretando el desalojo de acuerdo con la ley.

Los demandados Fuertes, Casanova, Barbosa, Lefranc y Rodríguez contestaron la demanda negando sus hechos y alegando como defensas especiales que dicha demanda no era suficiente, que era ambigua, ininteligible y dudosa, que acumulaba partes demandadas indebidamente y también acciones, que la corte no tenía causa de acción y que de existir algún contrato de arrendamiento entre la demandante y los demandados, tal contrato había sido renovado por virtud de tácita reconducción.

El demandado Rodríguez archivó otra contestación separada en la cual alegó que sus relaciones con Swiggett fueron siempre las de arrendatario y arrendador, enterándose que Swiggett no era el dueño en febrero 15, 1938, cuando le comunicó el cese del contrato; que es un tercero en relación con el contrato entre Swiggett y la demandante, y que des-

pués del vencimiento del contrato las partes lo mantuvieron subsistente.

Con vista de las alegaciones y las pruebas la corte de distrito en abril 9, 1938, dictó sentencia declarando la demanda con lugar, sentencia que se notificó a los demandados perdidosos el diez y nueve de ese mes. Los demandados Fuertes y Casanova apelaron el veinte y cinco, notificando al Secretario y a la demandante.

El demandado Rodríguez pidió que la sentencia fuera reconsiderada y su petición se declaró sin lugar en abril 27, En mayo 4 siguiente apeló de la sentencia y de la negativa de reconsideración.

Aparece además de los autos que para perfeccionar su apelación, Fuertes y Casanova prestaron una fianza y que la fianza fué impugnada por la demandante, siendo declarada nula e ineficaz por la corte en mayo 12, 1938.

Así las cosas, la demandante presentó el once y el trece de mayo último dos mociones solicitando por la primera la desestimación de la apelación interpuesta por el demandado Rodríguez y por la segunda la desestimación del recurso establecido por los demandados Fuertes y Casanova. Dichas mociones se señalaron para verse y se vieron en junio seis, 1938, con la sola comparecencia de la demandante. El demandado Rodríguez había radicado tres días antes una oposición por escrito.

Las mociones de desestimación se fundan en varios motivos.

■ El de frivolidad, común a ambos recursos, aunque parece aparente, no puede ser considerado y resuelto en firme porque no se ha elevado a esta corte la transcripción de la evidencia que sirvió de base a la corte para decidir el pleito.

■ Surge, sin embargo, claro y comprobado de las constancias existentes que el recurso interpuesto por los demandados Fuertes y Casanova cayó por su base al declararse nula e ineficaz la fianza que se prestara para perfeccionarlo. Y ello es suficiente para su desestimación. Véanse los casos

de *Pol* v. *Corte, y Suau, Int.*, 48 D.P.R. 379, y *Suau* v. *Pol*, 51 D.P.R. 445, 448, en el último de los cuales se dijo:

"Es el deber del apelante presentar dentro de dicho término una fianza suficiente. Si impugnada resiste el ataque, queda en pie; si cede, es como si no existiera, no pudiendo concederse un nuevo término para prestar otra en su lugar, que es lo que en verdad resuelve el caso de *Figueroa* v. *Sepúlveda, Juez de Distrito*, 24 D.P.R. 690. . . ."

█ █ Y surge comprobado y claro también de las constancias existentes que esta corte no tiene jurisdicción para conocer del otro recurso interpuesto por el demandado Rodríguez porque se estableció fuera de término. La sentencia se dictó como hemos dicho en abril 9 y se notificó el 19. El escrito de apelación no se archivó hasta mayo 4 siguiente o sea mucho después de los cinco días que la ley—art. 630 del Código de Enjuiciamiento Civil, ed. 1933—concede para ello, sin que la moción de reconsideración pudiera haber producido el efecto de interrumpir el término porque fué simplemente declarada sin lugar. Véase *Las Monjas Racing Corp.* v. *Comisión Hípica*, 52 D.P.R. 445. Ello aparte de que Rodríguez no prestó la fianza exigida por la ley.

*Por esos motivos y sin necesidad de entrar en la consideración y resolución de los otros que además se aducen, deben las mociones prosperar y en su consecuencia decretarse la desestimación de los dos recursos interpuestos contra la sentencia de desahucio de abril 9, 1938.*