José, Manuel y Catalina Oliver Aresti, demandantes y apelados, *v.* Feliciano Soto, demandado y apelante, y Antonia Pérez Zambrana, interventora y apelante.

Núm. 8159.—*Sometido:* Abril 8, 1940. *Resuelto:* Julio 22, 1940.

*E. Martínez Avilés,* abogado de los apelantes; *E. Pérez Casalduc* y *Efraín Ramírez Ramírez,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

José, Manuel y Catalina Oliver Aresti instaron demanda de desahucio en precario contra Feliciano Soto. Antonia Pérez Zambrana obtuvo de la corte permiso para intervenir y radicó una demanda de intervención. En febrero 14, 1940, la corte de distrito ordenó el lanzamiento del demandado y desestimó la demanda de intervención. Dos días más tarde el demandado y la interventora radicaron su escrito de apelación. En febrero 19 Antonia Pérez Zambrana, como principal, y la Glens Falls Indemnity Company, como fiadora, sometieron a la corte para su aprobación, una fianza por la suma de $800, obligándose a pagar a los demandantes, para el caso de que se confirmara la sentencia, cuantos daños y perjuicios éstos pudieran sufrir con motivo del recurso. En marzo 1 los demandantes impugnaron la suficiencia de la fianza. El 14 del mismo mes la corte de distrito resolvió que la fianza era insuficiente por no contener la obligación de pagar las costas, y que la corte carecía de jurisdicción para conceder un nuevo término para presentar una fianza enmendada. En apoyo de esta última resolución la corte citó: *Pol*

v. *Corte de Distrito,* 48 D.P.R. 379; *Suau* v. *Pol,* 51 D.P.R. 445; *Fabián* v. *Rodríguez,* 53 D.P.R. 448; y *Figueroa* v. *Sepúlveda,* 24 D.P.R. 690, 694.

En marzo 18 el demandado y la interventora radicaron su escrito de apelación contra la resolución de marzo 14.

Los demandantes solicitan ahora se desestimen ambos recursos: el primero, porque el mismo es *inadmisible* por no haber existido una fianza suficiente dentro del término fijado por la ley, y el segundo, por carecer de especificaciones.

En *Mas* v. *Berríos,* 52 D.P.R. 882, este tribunal resolvió, conforme se dice en el sumario, que:

"No procede la desestimación de una apelación contra una sentencia de desahucio por el hecho de haber sido declarada nula la fianza prestada al efecto, cuando la resolución declaratoria de la nulidad ha sido a su vez apelada y se halla en tramitación el recurso."

En el caso de Mas no hubo moción alguna para desestimar el segundo recurso, mientras que aquí los apelados solicitan se desestime la segunda apelación como cuestión corriente, o por motivos que han de ser hallados por este tribunal sin la ayuda de los letrados. Esto no basta para distinguir el caso de Mas.

Lo dicho anteriormente resuelve la moción.

Sin embargo, se nos ha ocurrido que debe hacerse mención de ciertas cuestiones que han surgido al discutirse en el seno del tribunal los casos citados por el juez de distrito.

Por regla general, una apelación se interpone radicando un escrito manifestando que se apela de la sentencia y presentando idéntica manifestación a la parte contraria. Artículo 296 del Código de Enjuiciamiento Civil (ed. de 1933). En las acciones de desahucio "las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha en que fueren notificadas de la sentencia por el secretario de la corte correspondiente, las partes perjudicadas por la misma o sus abogados." Artículo 11 de la ley, hoy artículo 630 del Código de Enjuiciamiento Civil. El artículo 631 lee así:

"No se admitirá al demandado el recurso de apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funde en falta de pago de las cantidades convenidas.

"En cualquier otro caso será requisito indispensable para ejercitar el recurso de apelación por parte del demandado, que éste otorgue fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que puedan irrogarse al demandante, y de las costas de la apelación.

"Tanto la consignación como la fianza de que habla la presente sección deberán quedar formalizadas dentro del término concedido para la apelación."

En *Figueroa* v. *Sepúlveda,* 24 D.P.R. 690, 694, este tribunal dijo:

"El Juez Municipal de Ponce traspasó los límites de su jurisdicción al dictar la resolución de 4 de octubre de 1916 anulando la fianza prestada y concediendo al demandado cinco días a partir desde aquella fecha para presentar fianza en debida forma y por la cantidad de $200. Permitir la presentación de esa nueva fianza era igual a permitir que la apelación fuera perfeccionada fuera del término fijado por la ley de desahucio, con infracción manifiesta de ella.

"No se trata en el presente caso de fianza insuficiente, sino de fianza declarada nula. La segunda fianza que se prestó es nueva y distinta de la primera en sus elementos esenciales."

En dicho recurso de *certiorari* los peticionarios estuvieron bien representados. La querellada no compareció.

En *Pol* v. *Corte de Distrito,* 48 D.P.R. 379, la notificación de la sentencia en favor de la parte demandante llegó a poder del demandado el 4 de agosto de 1933. El demandado radicó su escrito de apelación en agosto 5. Una fianza por $5,000 —que fué la suma fijada por la corte en agosto 5—fué radicada en agosto 7. El demandante solicitó el día 9 del mismo mes la cancelación de la fianza y la desestimación del recurso. En agosto 11 el juez de distrito resolvió que no debía aprobarse la fianza y por la autoridad del caso de *Figueroa* v. *Sepúlveda,* supra, se negó a admitir la apelación.

Estando la corte en receso el finado Juez Asociado Sr. Córdova Dávila libró un auto de *certiorari,* y luego de cele-

brar un juicio, anuló la resolución de la corte de distrito de agosto 11. Conforme se indica en la opinión del Juez Córdova Dávila, la moción de la parte demandante fué radicada el último día del término dentro del cual el demandado debía perfeccionar su apelación. En dicho día la notificación de la moción fué enviada por correo desde Mayagüez en un sobre dirigido al letrado del demandado en Arecibo. Al demandado no se le dió oportunidad para ser oído, para subsanar cualesquiera supuestos defectos, para demostrar la suficiencia de los fiadores o para prestar una nueva fianza. De la opinión del Juez Córdova Dávila tomamos el siguiente extracto:

"En cuanto a la corte, la fianza, según la Ley de Desahucio, debe prestarse a su satisfacción. La ley no determina en qué forma debe hacerse constar que la fianza es satisfactoria, y en ausencia de un estatuto al efecto, la aprobación puede inferirse de los hechos de la transacción, sin que sea necesario que conste en términos explícitos. 3 C. J., pág. 1174. Lo que parece claro es el deber de la corte de examinar prontamente la fianza, y si no resulta satisfactoria, hacerlo constar oportunamente para que, como ya antes hemos indicado, el demandado pueda subsanar los errores o prestar una nueva fianza.

"En el caso de *People* v. *Harris,* 9 Cal. 572, la Corte Suprema de California se expresó así:

" 'Aparece que la fianza fué radicada ante el juez de paz en 20 de mayo de 1857, por la suma de $2,000, y que el *affidavit* de los fiadores fué hecho ante dicho juez. No consta que la fianza fuese aprobada, pero fué recibida por el juez sin objeción cuando fué radicada. Al siguiente día el mencionado funcionario escribió estas palabras sobre la fianza: "No aprobada". Creemos que el juez debió haber rechazado esta fianza prontamente. Bajo las circunstancias, debemos sostener que la fianza fué aprobada.'

"No vamos tan lejos como el tribunal californiano. No creemos que por el hecho de que la fianza sea recibida sin objeción la corte esté impedida de no aprobarla al siguiente día. Pero repetimos y sostenemos que la no aprobación debe hacerse constar lo más pronto posible, por las razones que dejamos apuntadas.

"En el caso de *Clapp* v. *Freeman,* 16 A. 207, resuelto por la Corte Suprema de Rhode Island, únicamente se hizo constar que la fianza había sido radicada, sin que apareciera qué la misma había sido

aprobada por la corte sentenciadora. La corte de apelación desestimó el recurso interpuesto por falta de aprobación y la Corte Suprema de Rhode Island se expresó así:

" 'Somos de opinión que la corte inferior incurrió en error al desestimar la apelación, ya que el hecho de que la fianza apareciera entre los demás documentos como "radicada" (*filed*), sugiere la presunción de que fué satisfactoria a la corte de distrito, puesto que no pudo ser debidamente recibida y radicada hasta que la corte la hubiese aprobado.'

"En el caso de *Asch* v. *Wiley*, 20 N. W. 21, la Corte Suprema de Nebraska dijo:

" 'Los autos demuestran que una fianza en debida forma, con dos fiadores, fué presentada al juez del condado dentro del tiempo requerido por la ley para promover la apelación, que fué aceptada por él, radicada y anotada en sus libros. Si la fianza no cumplía con los requisitos de la ley, fué su deber negarse a recibirla y notificar el hecho a la parte que procuraba apelar, a fin de que pudiese conseguir los fiadores necesarios. No hay nada en el récord que demuestre que dicha parte tuviese noticias de la actitud del juez del condado hasta el día 12 de mayo, cuando consiguió dos firmantes adicionales.'

"En el caso de *Anderson* v. *Haslett, et al.*, 106 P. 296, la Corte Suprema de Kansas sostiene que cuando una parte desea apelar de una sentencia y dentro de los diez días de la rendición de la misma radica en la secretaría de la corte una fianza condicionada de acuerdo con la ley, con suficiente garantía, dicha parte ha hecho todo lo que se requiere para perfeccionar su apelación y no puede ser privada de sus derechos por la falta o negligencia del juez de tal corte al aprobar la fianza después de haber expirado el tiempo señalado para la apelación.

"Cuando el demandado radicó su fianza en la Corte de Distrito de Aguadilla, faltaban dos días para expirar el plazo dentro del cual debía radicarse la apelación. La resolución de la corte se dictó dos días después de haber expirado el plazo.

"Entendemos que de acuerdo con la jurisprudencia anteriormente citada procede la anulación de la orden dictada por la Corte de Distrito de Aguadilla con fecha 11 de agosto de 1933, declarando no haber lugar a admitir el recurso de apelación por no haber quedado formalizada la fianza dentro del término concedido para dicha apelación."

424

En la apelación interpuesta contra la sentencia del Juez Asociado Sr. Córdova Dávila, este tribunal dijo:

"El juez que dictó la sentencia que motiva esta apelación se fundó para anular la orden de la corte inferior negando su aprobación a la fianza presentada por el demandado y declarando en consecuencia sin lugar el recurso de apelación que interpuso, en que cuando la fianza adolece de algún defecto, tanto la corte como el demandante deben actuar con la necesaria prontitud para ofrecer al demandado la oportunidad de subsanar estos defectos o de prestar nueva fianza; en que la impugnación a la fianza se radicó el mismo día que expiraba el plazo para formalizar la apelación, siendo notificada por correo desde Mayagüez a Arecibo, prácticamente cuando no había tiempo para subsanar los errores apuntados, para demostrar la suficiencia de los fiadores ni para prestar nueva fianza; que es un deber claro de la corte examinar prontamente la fianza para que si no resulta satisfactoria pueda ser subsanada o prestarse otra; que cuando se radicó la fianza faltaban dos días para expirar el plazo dentro del cual debía radicarse la apelación pero que la corte dictó su resolución dos días después de expirar. Citó algunas sentencias de tribunales de los Estados Unidos.

"Nosotros creemos que el apelante, a quien la ley exige fianza para establecer apelación, tiene el deber primordial de que la que presente cumpla con los requisitos legales, pues en caso contrario se expone a perder su derecho. No conocemos deber alguno impuesto por la ley al apelado para que tenga que impugnar la fianza necesariamente con tiempo bastante para que el apelante lo tenga para corregir los defectos de que adolezca, o para presentar otra fianza en tiempo oportuno, de tal modo que si no lo hace pierda su derecho a que haya una fianza suficiente y tenga que seguir sin fianza adecuada durante el tiempo que dure la apelación y recaiga sentencia definitiva. Por otra parte, los hechos de este caso demuestran que el apelante no fué diligente en la presentación de su fianza, pues teniéndola firmada desde el 5 de agosto, cuando aún quedaban cuatro días de los cinco que concede la ley, la retuvo y no la presentó hasta el día 7, cuando sólo quedaban dos días para expirar el plazo legal; y también demuestran que el demandante fué sumamente activo en la impugnación que hizo a la fianza, pues presentada ésta el día 7, sin que conste que se le notificara, al siguiente día 8 averiguaba en Utuado los bienes que los fiadores juraron que tenían allí

y el resultado de la prueba que obtuvo lo presentó al tribunal al siguiente día 9 para demostrar que los fiadores no tenían bienes suficientes para garantizar la cantidad de $5,000. Es cierto que el día 9 era el último de los que tenía el apelante para dejar perfeccionada su apelación, pero en esto no tuvo el demandante culpa ni falta de diligencia; la culpa estuvo en el apelante en presentar una fianza que se dice no cumple con los requisitos legales y no haberla radicado el día 5, en cuya fecha estaba firmada, en la que hubiera habido cuatro días para impugnarla y para resolver la corte. Tampoco hubo falta alguna en la corte pues aunque hubiera sido resuelta la impugnación al siguiente día 10, ya había expirado el término para ser corregida la fianza o para presentar otra nueva. De todos modos, aunque la resolución de la corte de 11 de agosto pudiera ser considerada tardía, si tal falta existió no sería responsable el demandante de esa falta de la corte. Ya hemos demostrado que el demandante no incurrió en falta alguna. Sin embargo, la resolución apelada crea la situación de que se prosiga la apelación sin fianza, ya que según los documentos que presentó el demandante, sin que nosotros resolvamos ahora respecto a ellos, los fiadores no tienen bienes suficientes para garantizar $5,000.

"A pesar de lo expuesto entendemos que el demandado tenía derecho a ser oído antes de negarse la aprobación a su fianza para que tuviera la oportunidad de demostrar que no sólo está bien redactada sino también que sus fiadores tienen bienes suficientes para la obligación que contrajeron, no obstante los documentos presentados por el demandante. Por este solo motivo y para ese fin debe ser anulada la resolución de la corte de distrito de 11 de agosto de 1933, enmendándose en ese sentido la sentencia apelada que resolvemos." (48 D.P.R. 383)

La opinión del Juez Córdova Dávila y las autoridades citadas por él merecen seria consideración. El término de cinco días dentro del cual la parte demandada debe "otorgar fianza, a satisfacción del tribunal" es bastante drástico. No puede ser acortado por legislación judicial ni las cortes deben imponer una penalidad al demandado que deja de suministrar tal fianza dentro de un período más corto.

Podría admitirse que, hablando en términos generales, una fianza debe contener los requisitos estatutarios y que un

apelante que deja de cumplir con tales requisitos debe perder su derecho a apelar. De ello no se desprende que un demandado que, dentro del término estatutario, ha radicado una fianza no objetada por el juez ni por el demandante, antes de expirar el referido período, pierde su derecho a apelar meramente porque el demandante más tarde descubra algún defecto subsanable insignificante, o que bajo tales circunstancias el defecto no pueda ser subsanado mediante enmienda o radicando una fianza adicional. Es cierto que la ley por sus propios términos no exige que un demandante apelado actúe prontamente a fin de que un demandado apelante tenga la oportunidad de subsanar cualesquiera defectos que hubiere. Tampoco exige la ley que un demandado apelante suministre una fianza satisfactoria al demandante apelado. Si al someterse la fianza al juez, la misma merece su aprobación, ello es suficiente. Si el demandante apelado descubre más tarde algún defecto pasado por alto por el juez, él no carece de remedio y, desde luego, no debe ser obligado a someterse a la continuación del recurso hasta su determinación final sin que exista una garantía adecuada en cuanto a los daños y perjuicios que pudieran irrogársele. No podemos convenir en que la conclusión a que llegó el Juez Córdova Dávila creó semejante situación. Si los fiadores eran en realidad insolventes, y la fianza prácticamente carecía de todo valor—conforme el caso prima facie presentado por la parte demandante apelada ante la corte de distrito parecería indicar—este tribunal indudablemente habría desestimado la apelación sin demoras innecesarias. Véase *Fabián* v. *Rodríguez,* infra.

En *Suau* v. *Pol,* 51 D.P.R. 445, este tribunal, siguiendo las decisiones emitidas en los casos de *Figueroa* v. *Sepúlveda,* supra, y *Pol* v. *Corte de Distrito,* supra, resolvió, tal cual se dice en los primeros dos párrafos de los sumarios, lo siguiente:

"Anulada en apelación una resolución de una corte de distrito negándose a aprobar la fianza prestada para perfeccionar el recurso

por no haber tenido el apelante oportunidad alguna para probar que estaba bien redactada y que sus fiadores eran solventes, si devuelto el caso se señala fecha para justificar tales extremos y el apelante se limita a impugnar la regla que le da tal oportunidad, el tribunal inferior puede insistir en su negativa y desestimar el recurso.

"Presentada en tiempo la fianza, el resolver sobre su suficiencia por haber sido impugnada no es cuestión que tenga necesariamente que decidirse dentro del término para apelar. El deber del apelante es prestar dentro de dicho término una fianza suficiente. Si impugnada, resiste, queda en pie; si cede es como si no existiera, no pudiendo concederse un nuevo término para prestar otra en su lugar de haber transcurrido el que para apelar concede el estatuto."

En el caso de *Fabián* v. *Rodríguez,* 53 D.P.R. 448, este tribunal dijo:

"Surge, sin embargo, claro y comprobado de las constancias existentes que el recurso interpuesto por los demandados Fuertes y Casanova cayó por su base al declararse nula e ineficaz la fianza que se prestara para perfeccionarlo. Y ello es suficiente para su desestimación. Véanse los casos de *Pol* v. *Corte, y Suau, Inc.,* 48 D.P.R. 379, y *Suau* v. *Pol,* 51 D.P.R. 445, 448, en el último de los cuales se dijo:

" 'Es el deber del apelante presentar dentro de dicho término una fianza suficiente. Si impugnada resiste el ataque, queda en pie; si cede, es como si no existiera, no pudiendo concederse un nuevo término para prestar otra en su lugar, que es lo que en verdad resuelve el caso de *Figueroa* v. *Sepúlveda, Juez de Distrito,* 24 D.P.R. 690...' "

Lo que este tribunal manifestó en *Suau* v. *Pol* y *Fabián* v. *Rodríguez,* debe ser interpretado a la luz de los hechos que la corte tuvo ante sí en dichos casos. En el de Suau la fianza era por la suma de $5,000. La corte de distrito se negó a aprobarla por carecer prácticamente de todo valor. No se sugirió cuestión alguna de enmienda ni era posible hacer tal enmienda, toda vez que uno de los fiadores no tenía bienes dignos de mencionarse y las propiedades del otro estaban tan seriamente gravadas que él no podía servir como tal. En el caso de Fabián la corte de distrito había declarado que la fianza era nula e ineficaz. Conforme ya hemos

indicado, en el caso de Figueroa también se resolvió que la fianza era nula. Fué una fianza de tal índole la que este tribunal tuvo en mente al decir en el caso de Suau, y al repetir en el de Fabián, que: "Es el deber del apelante presentar dentro de dicho término una fianza suficiente. Si impugnada resiste el ataque, queda en pie, si cede, es como si no existiera, no pudiendo concederse un nuevo término para prestar otra en su lugar, que es lo que en verdad resuelve el caso de *Figueroa* v. *Sepúlveda, Juez de Distrito*, 24 D.P.R. 690."

En 3 Am. Jur. (Appeal and Error) 183, sec. 510, hallamos:

"Por regla general, aun en ausencia de autoridad estatutaria expresa, una corte de apelaciones tiene facultad inherente para exigir o permitir una enmienda o para exigir o permitir que se radique una nueva fianza en sustitución de una fianza en apelación o de *supersedeas* defectuosa radicada de buena fe. Esta facultad inherente es negada, sin embargo, en algunas jurisdicciones, por lo menos cuando la fianza original es nula.

"En muchas jurisdicciones se han adoptado estatutos que autorizan expresamente a la corte de apelaciones a permitir una enmienda o a que se radique una nueva fianza en caso de que la fianza en apelación o de *supersedeas* sea defectuosa. Estos estatutos son substancialmente similares y disipan cualquier duda que pudiera haber existido sobre la facultad de exigir o permitir la radicación de una nueva fianza o que se enmiende la antigua fianza defectuosa. El poder de la corte de apelaciones a este respecto es discrecional, y no siempre será ejercitado en favor de la parte apelante.

"No obstante, a pesar de las disposiciones estatutarias, se ha establecido una limitación a las facultades de la corte de apelaciones, para exigir o permitir la prestación y radicación de una nueva fianza. De ordinario se ha resuelto que es menester radicar una fianza en apelación para que la corte de apelaciones tenga jurisdicción. Por consiguiente, en aquellas jurisdicciones en que la fianza es un requisito previo a la jurisdicción apelativa, se ha resuelto que si la fianza es nula o radicalmente defectuosa, no se puede radicar una nueva fianza en la corte superior por no haber obtenido dicha corte de apelaciones jurisdicción para conocer del recurso." *Seward* v. *Corneau,* 102 U. S. 161; *Hudson* v. *Parker,* 156 U. S. 277, 287;

*New Orleans Ins. Co.* v. *E. D. Albro Co.,* 112 U. S. 506; *Ferguson*
v. *Dent,* 29 F. 1, y nota; *Deford* v. *Mehaffy,* 13 F. 481; 4 C. J. S.
(Appeal and Error) sec. 567; *Bock* v. *Sauk Center Grocery Co.,* 110
N. W. 257; *Gerrior* v. *Superior Court,* 69 Cal. App. 186; *Ellinwood*
v. *McCoy,* 133 Cal. App. 597; *Jarman* v. *Rea,* 129 Cal. 157; y
*Cohen* v. *Connick,* 26 Cal. App. 491.

Toda vez que nuestro fin es sugerir un punto de partida
para ulterior investigación, no proseguiremos por ahora la
discusión del asunto.

*Debe declararse sin lugar la moción.*

El Juez Asociado Sr. De Jesús no intervino.