María de la C. González Cruz<br>
Secretaria General

### ESCOLIOS 95 DTA 112

**1.** En lo que resulta pertinente la denuncia lee: *"El referido acusado Jorge Montañez Cruz, allá en o para el 18 de noviembre de 1994, en Patillas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Distrito de Puerto Rico, Sala de Patillas, ilegal, voluntaria, maliciosa y criminalmente, permitió como encargado y/o administrador del negocio Colmado Bar Montañez, el cual es utilizado como colmado bar y partes de juegos, que menores estudiantes de la Escuela Superior Cecilio Lebrón Ramos de Patillas jugaran en la sala de billar en horas de clases y con uniforme de la escuela. Dichos billares son operados por ficheros de moneda legal americana, monedas de 25 centavos."*

**2.** Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A., Ap. II: *"Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho".*

# 95 DTA 113

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI
### DE CAGUAS, HUMACAO Y GUAYAMA
### PANEL II

DOLORES GERENA MENDOZA
Apelada

v.

ESTHER VELAZQUEZ CONTRERA
Apelante

Núm. KLAN- 95-00146

San Juan, Puerto Rico, a 26 de mayo de 1995

Panel integrado por su presidente, la Juez López Vilanova
y los Jueces Delgado Hernández y Rodríguez García

Delgado Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Atendemos una moción de desestimación presentada por la parte apelada Esther Velázquez Contrera, en un caso en el cual se decretó el desahucio de la apelante Doris Gerena Mendoza.

Velázquez alega que carecemos de jurisdicción porque Gerena no prestó la fianza para apelar de sentencias de desahucio dispuesta por el Artículo 632 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2832. Tiene razón.

El Artículo 632 reza:

*"No se admitirá al demandado el recurso de apelación si no otorga fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en secretaría el importe del precio de la deuda hasta la fecha de la sentencia."*

El requisito de fianza es jurisdiccional. De no prestarse la fianza en el término dispuesto para apelar, el foro apelativo carece de jurisdicción para atender el recurso. *Rodríguez Negrón v. Morales,* 105 D.P.R. 877 (1977); *López v. Pérez,* 68 D.P.R. 312 (1948); *Oliver v. Soto,* 57 D.P.R. 418 (1940).

El término para presentar el recurso comenzó a decursar el 13 de diciembre de 1994. Venció el 12 de enero de 1995. La apelante tenía hasta esa fecha para depositar la fianza. En vista de que no lo hizo, carecemos de jurisdicción.

NOTIFIQUESE

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General