Broco Oliveras, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El día 11 de mayo de 1995 se presentó ante nuestra consideración un escrito de apelación en el cual se nos solicita que revoquemos la sentencia del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan. Alegaron los apelantes que el tribunal recurrido carecía de jurisdicción sobre la Sociedad de Bienes Gananciales y sobre el Señor Pedro A. Díaz por no haberse emplazado a éstos en la acción de desahucio contra ellos.
Al recurrir ante nos, no prestaron fianza ante el tribunal a quo. Ante ello, emitimos Resolución el 7 *1179 junio de 1995 solicitando del apelante que informara las gestiones realizadas para perfeccionar el recurso y para cumplir con el Art. 631 del Código de Enjuiciamiento Civil, 32 L.P.R.A. see. 2832, siendo requisito jurisdiccional la prestación de fianza en apelación dentro del término para apelar.
La acción de desahucio está regulada en el Código de Enjuiciamiento Civil. El artículo 631 del citado código, 32 L.P.R.A. see. 2832, dispone que no se admitirá al demandado el recurso de apelación hasta tanto preste fianza para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación. Nuestro Tribunal Supremo ha resuelto que el requisito de prestar esta fianza en apelación es un requisito jurisdiccional en toda clase de desahucio, se base o no el mismo en la falta de pago. Blanes v. Valldejuli, 73 D.P.R. 2, 5 (1952). Esta fianza debe verificarse dentro del término disponible para apelar. Andino v. Fajardo Sugar Co., 82 D.P.R 85 (1961). La importancia de prestar la fianza requerida es tal que aun cuando se preste dentro del término establecido para apelar, si la misma es impugnada y cede es como si no existiera y no puede concederse un nuevo término para prestar otra en su lugar, de haber transcurrido el término que para apelar concede el estatuto. Oliver v. Soto, 57 D.P.R. 418 (1940).
Como vemos, es sumamente importante que el apelante presente en tiempo la fianza ante el Tribunal a quo para que no pierda su derecho a apelar. Un apelante que deja de cumplir los requisitos estatutarios relacionados con la fianza, debe perder su derecho a apelar. Oliver v. Soto, 57 D.P.R. 418, 425-426 (1940). El Tribunal Supremo de Puerto Rico en Oliver v. Soto, supra, manifestó que "en las jurisdicciones en que la fianza es un requisito previo a la jurisdicción apelativa, si la fianza prestada es nula o radicalmente defectuosa, no se puede radicar una nueva fianza en la corte superior por no haber obtenido dicha corte de apelaciones jurisdicción para conocer el recurso." (citas omitidas)
El día 6 de julio de 1995 la parte apelante radicó ante este Tribunal una Moción en Cumplimiento de Orden. En la misma la parte apelante expresa que continúa y continuará pagando la renta mensual y solicita que se le exima de prestar fianza por ser insolvente. Basa su solicitud de que se le exima de fianza en lo resuelto en Bucaré Management v. Arriaga, 90 J.T.S. 5. El Honorable Tribunal Supremo de Puerto Rico en la opinión de Bucaré Management, supra, decidió que un demandado en una acción de desahucio que ha sido declarado insolvente a los fines de litigar libre del pago de derechos en el tribunal de instancia, está exonerado de prestar fianza previo a ejercer el recurso de apelación de una sentencia adversa en dicho procedimiento de desahucio.
En el caso que nos ocupa, no surge que la parte apelante haya solicitado u obtenido del tribunal de primera instancia una determinación de insolvencia para litigar libre de derechos. La determinación de admitir la fianza o eximir de la misma a base de una declaración de insolvencia, corresponde al . tribunal de instancia.
Sabido es que los tribunales de justicia no tienen discreción para asumir jurisdicción donde no la hay. La falta de jurisdicción no puede ser subsanada ni el tribunal puede arrogársela, teniendo los tribunales el ineludible deber de examinar su propia jurisdicción. Vázquez v. A.R.P.E.,_D.P.R._ (1991), 91 J.T.S. 55, pág. 8661.
No habiéndose prestado la fianza requerida por el Código de Enjuiciamiento Civil, y no habiendo el tribunal de instancia declarado al apelante insolvente a los fines de litigar libre del pago de derechos, este Tribunal carece de jurisdicción para entender en el presente recurso.
Por todas las razones antes expuestas, se desestima el recurso ante nos.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General